In the Matter of SHANASIA H., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC R., Appellant. (Proceeding No. 1.) In the Matter of DOMINIQUE L., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC R., Appellant. (Proceeding No. 2.) [797 NYS2d 556]—

In two related child protective proceedings pursuant to Family Court Act article 10, Eric R. appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Genchi, J.), entered December 15, 2003, which, after fact-finding and dispositional hearings, inter alia, determined that he neglected the child Shanasia H. and derivatively neglected the child Dominique L.

Ordered that the order of fact-finding and disposition is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for an examination of the child Shanasia H. pursuant to Family Court Act §§ 251 and 1027 (g), for a further fact-finding hearing and, if necessary, a further dispositional hearing.

The petition in proceeding No. 1 alleged that the appellant abused and neglected the child Shanasia H., his stepdaughter, by subjecting her to sexual contact, as defined in the Penal Law. The petition in proceeding No. 2 alleged that the appellant derivatively neglected Dominique L., who also was his stepdaughter. Following fact-finding hearings, the Family Court concluded that there was no evidence that the appellant subjected Shanasia H. to actual sexual contact, but that the petitioner had demonstrated, by a preponderance of the evidence, that the appellant had neglected her by attempting to do so. Further, the court found, based on the foregoing, that the appellant derivatively neglected Dominique L.

We agree with the appellant's contention that the Family Court erred in failing to order a medical examination of Shanasia H. pursuant to Family Court Act §§ 251 and 1027 (g). Family Court Act § 1027 (g) provides, in pertinent part, that "[i]n *all* cases involving *abuse* the court *shall* order, and in all cases involving *neglect* the court *may* order, an examination of the child pursuant to" Family Court Act § 251 (emphasis added). Pursuant to the terms prescribed therein, Family Court Act § 251 provides for medical examinations by a physician, psychiatrist, or psychologist. The petition in proceeding No. 1 alleged that the appellant *abused* and neglected Shanasia, yet the Family Court failed to order an appropriate examination pursuant to the cited sections. We conclude that this was error, according to the plain language of Family Court Act § 1027 (g), and accordingly, we remit this matter to the Family Court, Suffolk County, to conduct an appropriate examination, a further fact-finding hearing and, if necessary, a further dispositional hearing.

The appellant's remaining contentions are either without merit or have been rendered academic in light of the foregoing determination. H. Miller, J.P., Cozier, Goldstein and Skelos, JJ., concur.