■ In the Matter of SUZANNE EE., Appellant-Respondent, v CHRISTOPHER FF., Respondent-Appellant. MICHAEL A. KORCHAK, as Law Guardian, Appellant-Respondent. (And Four Other Related Proceedings.) [888 NYS2d 629]—

Malone Jr., J. Cross appeals from an order of the Family Court of Broome County (Connerton, J.), entered April 15, 2008, which, among other things, granted petitioner's application, in five proceedings pursuant to Family Ct Act articles 6 and 8, for custody of the parties' child.

The parties, who were married in 2002, are the parents of a daughter (born in 2003). They separated in July 2007 when petitioner (hereinafter the mother) left the marital home after the child allegedly disclosed to her that her "bum [was] sore" because respondent (hereinafter the father) had "stuck his finger in it." The mother then commenced the first of these proceedings seeking custody of the child and, based upon the allegation of sexual abuse, among other things, asserted that the father had committed a family offense. The father then responded and cross-petitioned, also seeking custody of the child. During the pendency of the proceedings, the father filed an additional petition seeking temporary custody of the child, to which the mother responded and filed an additional petition seeking either to suspend the father's visitation or to require that visitation be supervised.

Following an extensive fact-finding hearing, Family Court determined that the proof was insufficient to find that the father had committed a family offense, but that the level of acrimony between the parties prohibited a joint custody arrangement. The court awarded sole legal custody to the mother and, finding that nothing in the record warranted restrictions on the father's right to visitation, granted him frequent unsupervised visitation. The Law Guardian and the parties cross-appeal.*

The mother and the Law Guardian both contend that Family Court erred by awarding the father unsupervised visitation. As with its assessment of the credibility of the witnesses' testimony, "Family Court's determination regarding whether a party's visitation should be supervised" is entitled to deference (*Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 986 [2003]). Here, Family Court found the child's uncorroborated allegations to be insufficient to support a finding that the father had sexually

---

* The father expressly abandoned his challenge on appeal to Family Court's custody award. Neither the mother or the father nor the Law Guardian challenges the court's determination that there was insufficient proof in the record that the father committed a family offense.

abused the child (*see e.g. Matter of Bernthon v Mattioli*, 34 AD3d 1165, 1165-1166 [2006]). Further, although the record reveals that the father displayed certain behaviors related to disaster preparedness, including the purchase of canned foods and a generator—and apparently engaged in scientific experiments to harness electricity from trees—there was no evidence that his behavior had a detrimental effect on the child or affected his ability to care for her (*see Matter of Susan GG. v James HH.*, 244 AD2d 731, 734 [1997]). As there is a sound and substantial basis in the record for Family Court's determination that frequent unsupervised visitation with her father was in the child's best interests, it will not be disturbed (*see Matter of Flood v Flood*, 63 AD3d 1197, 1198 [2009]).

Finally, the mother did not preserve for appellate review her contention that she was unduly prejudiced by the fact that nine months elapsed from the time she filed the first petition to the time Family Court rendered its decision. In any event, this contention is not persuasive (*see Matter of Hartman v Hartman*, 214 AD2d 780, 782 [1995]).

Mercure, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.