■ In the Matter of ERWIN THOMAS, Appellant, v NEILA THOMAS, Respondent. [898 NYS2d 495]—In a family offense proceeding pursuant to Family Court Act article 8, Erwin Thomas appeals from an order of protection of the Family Court, Kings County (Ross, J.H.O.), dated February 5, 2009, which, after a hearing, upon a finding that he committed the family offense of harassment in the second degree, and upon a finding of aggravating circumstances, is in favor of Neila Thomas and

against him, directing him to stay away from Neila Thomas until February 4, 2014.

Ordered that the order of protection is affirmed, without costs or disbursements.

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Nelson-Waller v Waller*, 60 AD3d 1068 [2009]). " 'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court' " (*Matter of Nusbaum v Nusbaum*, 59 AD3d 725 [2009], quoting *Matter of Kraus v Kraus*, 26 AD3d 494, 495 [2006]). The Family Court's determination regarding the credibility of witnesses must be given great weight on appeal (*see Matter of Hunt v Hunt*, 51 AD3d 924, 925 [2008]).

Here, the fair preponderance of the credible evidence adduced at the fact-finding hearing supported the Family Court's determination that the appellant committed the family offense of harassment in the second degree (*see* Family Ct Act § 832; *Matter of Sblendorio v D'Agostino*, 60 AD3d 773 [2009]; *Matter of Robbins v Robbins*, 48 AD3d 822 [2008]). Moreover, there was sufficient evidence to support the finding of the existence of aggravating circumstances (*see* Family Ct Act § 827 [a] [vii]; *Matter of Flascher v Flascher*, 298 AD2d 393 [2002]). Accordingly, the Family Court properly issued an order of protection to remain in effect until February 4, 2014 (*see* Family Ct Act § 842). Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.