■ In the Matter of Isabelle Rawich, as Attorney for the Children, Respondent, v Amanda K. et al., Respondents. Michael L. et al., Appellants. [934 NYS2d 551]—

Mercure, J.P.

Family Court temporarily placed the children in the grandparents' custody. While there, the oldest child was observed pulling on her genitals while bathing and stated that she had been instructed to do so by the mother and to "tell her how . . . it feels." Petitioner accordingly requested, and Family Court ordered without objection, that the daughters be evaluated by psychotherapist Edythe Raiten for evidence of recent sexual abuse. After Raiten opined that the oldest child had been sexually abused by the mother, the parents moved for an evaluation by another expert, which Family Court denied. Family Court further refused, over petitioner's objection, to consider Raiten's testimony at trial on the ground that it would be "unfair" to the parents to do so.

At trial, all other testimony from the temporary custody hearing was stipulated into evidence. Family Court thereafter determined that petitioner had not shown the existence of extraordinary circumstances to warrant depriving the parents of custody and dismissed the petition. In particular, Family Court held that the oldest child's statements regarding the abuse were uncorroborated and refused to consider them. The court further found that her observed actions, absent those statements, were entitled to "little weight." The grandparents appeal, and we now reverse.*

The evidentiary rules set out in Family Ct Act article 10, including the requirement that a child's out-of-court statements claiming abuse be sufficiently corroborated, are applicable in this proceeding given the oldest child's allegations of sexual abuse (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Michael CC. v*

---

* Petitioner's separate appeal from Family Court's order has been withdrawn inasmuch as the grandparents' arguments for reversal have now been adopted.

*Amber CC.*, 57 AD3d 1037, 1038 [2008]). A relatively low degree of corroboration is required; sufficient corroboration exists where, for instance, an expert examines a child and opines that he or she behaved in a manner "consistent with having been abused" or made statements "parallel[ling] those normally made by abuse victims" (*Matter of Nikita W. [Michael W.]*, 77 AD3d 1209, 1210 [2010]; *see Matter of Evan Y.*, 307 AD2d 399, 399-400 [2003]; *Matter of Vincent I.*, 205 AD2d 878, 879 [1994]). In our view, the grandparents correctly assert that Raiten's expert opinion that the oldest child had been abused by the mother—which was based upon the child's observed demeanor, the consistency of her statements and her reenactment of the abuse using toys—would have provided that corroboration (*see Matter of Shirley C.-M.*, 59 AD3d 360, 360-361 [2009]; *Matter of Ashley M.*, 235 AD2d 858, 858 [1997]).

Family Court properly directed Raiten to evaluate the children for signs of sexual abuse (*see* Family Ct Act § 251 [a]; *Matter of Kubista v Kubista*, 11 AD3d 743, 745 [2004]); indeed, the initial request for the evaluation was unopposed and the "serious issues of fitness" raised by the allegations of abuse necessitated it (*Matter of Vernon Mc. v Brenda N.*, 196 AD2d 823, 825 [1993]; *see* Family Ct Act § 1027 [g]; *Matter of Shanasia H.*, 19 AD3d 694, 695 [2005]; *cf. Matter of Smith v Kalman*, 235 AD2d 848, 849 [1997]). Nevertheless, Family Court refused to consider either the evaluation or Raiten's testimony in making its determination. This refusal led to pernicious results here, inasmuch as it prevented Family Court from considering the child's statements and assessing the credibility of her claims. Under these circumstances, we agree with the grandparents that Family Court erred in excluding Raiten's testimony and, therefore, we remit this matter so that evidence of Raiten's evaluation may be considered (*see Ekstra v Ekstra*, 49 AD3d 594, 595-596 [2008]; *Matter of Vernon Mc. v Brenda N.*, 196 AD2d at 825; *cf. Matter of Lori P. v Susan P.*, 243 AD2d 817, 819 [1997]). In light of the foregoing, we need not address the grandparents' remaining claims.

Peters, Spain, Rose and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision.