■ In the Matter of IBN ABDUS S., a Person Alleged to be a Juvenile Delinquent, Appellant. [939 NYS2d 294]—

The court credited the testimony of the 11-year-old complainant* and found, based on her testimony, that on the morning of October 6, 2010 she was in the school gym with approximately 100 other students, including 10-year-old appellant. At some point during gym class, the complainant was walking by herself towards the bleachers where the majority of her friends were sitting. It was at this point that appellant quickly approached her, and when he was face-to-face with her, used both of his hands to shove her with such force that she fell backwards onto the gym floor. Appellant's friend, just as quickly, restrained the complainant by holding her arms above her head while she was still on the gym floor. Appellant then stood over the complainant, and using both of his hands, grabbed, squeezed and twisted the complainant's breasts. Once appellant released the complainant, she chased after him, yelling that he should never have touched her. Appellant did not say anything to the complainant during the incident or the subsequent chase.

A person is guilty of sexual abuse in the second degree when he "subjects another person to sexual contact and when such other person is . . . [l]ess than fourteen years old" (Penal Law § 130.60 [2]). Sexual contact is defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire" (Penal Law § 130.00 [3]). The crime of forcible touching requires a finding that the individual "intentionally, and for no legitimate purpose, forcibly touche[d] the sexual or other intimate parts of another person for the purpose of degrading or abusing such person" (Penal Law § 130.52). Forcible touching includes "squeezing, grabbing or pinching" (id.). The statutory language requiring the perpetrator to have the intent to degrade or abuse recognizes that not all crimes of a sexual nature are committed for the purpose of gratifying sexual desire (Mem of Atty Gen approving Senate Bill S8283, Aug. 22, 2000, Bill Jacket, L 2000, ch 1). Indeed, one of the stated purposes for creating the crime of forcible touching was to "close[ ] existing loopholes related to sex crime prosecution" (2000 NY Senate Bill S8238). Here, the court's finding that ap-

---

* The appellant did not testify on his behalf or call any witnesses.

pellant committed the offense of forcible touching was based on legally sufficient evidence. The complainant's testimony established that there was no legitimate purpose for appellant to shove and touch her in this way. Appellant's conduct was aggressive and intentional, and done at a point during gym class when the complainant was walking by herself. Contrary to appellant's argument below, the parties were not engaged in a game at the time, nor had they participated in a game together at any point during gym class. Notably, the complainant testified that boys and girls were supposed to stay on opposite sides of the gym.

Appellant's requisite mental state and purpose, which can be inferred from his conduct and the surrounding circumstances (*People v Bonsu*, 290 AD2d 251 [2002], *lv denied* 98 NY2d 636 [2002]; *Matter of Jonathan F.*, 290 AD2d 385 [2002]), was to degrade and abuse the complainant. Shortly before the incident, appellant had been rebuffed by the complainant in front of a group of sixth-grade girls. The complainant testified that while she and her friends were practicing cheerleading in the gym, appellant was hovering nearby. The complainant could not remember if one of her friends, or appellant, told her that appellant "liked" her. Either way, the complainant was clear in telling appellant to leave her alone and that she did not "like" him. The complainant also testified that she had never spoken to or seen appellant prior to that day in the gym class. Rather, she only had heard of appellant because his cousin was one of her classmates. It was only after being rebuffed by the complainant and embarrassed in front of his peers that appellant then sought out the complainant and pushed her to the ground into a submissive position in front of the other students.

Although a close question, we conclude there was insufficient evidence to prove that appellant committed the offense of sexual abuse in the second degree. While appellant's behavior is offensive, "the evidence was insufficient to establish beyond a reasonable doubt that he was acting for the purpose of obtaining 'sexual gratification' as required under the Penal Law" (*Matter of Shamar D.*, 84 AD3d 605 [2011]; *see Matter of Keenan O.*, 273 AD2d 167 [2000]; *Matter of Clifton B.*, 271 AD2d 285 [2000]). Indeed, although the conduct in *Matter of Clifton B.* was more graphic and unambiguous, this Court determined that it could not be readily inferred from the appellant's conduct that he acted for the purpose of gratifying a sexual desire. Here, we have far less graphic conduct and thus, the element of sexual gratification cannot be readily inferred from appellant's conduct or the surrounding circumstances.

This Court has sustained the count of sexual abuse in cases where there can be no explanation other than that the assailant was acting to obtain sexual gratification (*Matter of Najee A.*, 26 AD3d 258 [2006], *lv denied* 7 NY3d 703 [2006] [appellant restrained complainant and repeatedly rubbed his genitals against complainant's buttocks, while trying to remove complainant's pants]; *Matter of Joel H.*, 279 AD2d 266 [2001] [appellant, a teenager, and complainant were at a public swimming pool when appellant fondled complainant's breasts while appellant's accomplice rubbed his genitals against the complainant's buttocks]). However, in this case, in light of appellant's young age and the absence of any other evidence showing that he was acting to gratify a sexual desire, the conviction for sexual abuse was legally insufficient. Concur—Tom, J.P., Andrias, Acosta, Freedman and Richter, JJ.