■ In the Matter of LORI DD., Respondent, v SHAWN EE., Appellant. (And Another Related Proceeding.) [955 NYS2d 249]—

Garry, J. Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered December 22, 2011, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 1997). The parties entered into a court-ordered stipulation in October 2000 providing for joint custody, with primary physical custody with the mother and alternate weekend visitation for the father. In

August 2009, the mother commenced the first of these proceedings seeking modification on the ground that the father had sexually abused the child. The Schenectady County Department of Social Services thereafter commenced a proceeding against the father pursuant to Family Ct Act article 10 on the same grounds. All parties stipulated to determine the custody proceeding prior to the child protective proceeding, with the Department agreeing to withdraw its petition if the mother received custody and otherwise reserving its rights. While the matter was pending, the mother further requested permission to relocate with the child to Panama. Following a fact-finding hearing, Family Court, among other things, awarded sole custody to the mother, granted her request to relocate, and dismissed the child protective proceeding. The father appeals, and we affirm.

The mother's allegation that the father sexually abused the child on multiple occasions, if substantiated, would clearly constitute changed circumstances warranting modification of the existing custody order (*see Matter of Knight v Knight*, 92 AD3d 1090, 1091-1092 [2012]). Thus, as Family Court held, the critical determination here was whether there was sufficient evidence to establish that these allegations were true (*see Matter of Kimberly CC. v Gerry CC.*, 86 AD3d 728, 729 [2011]).

The mother testified that, beginning in 2008, the child made numerous statements describing acts of sexual abuse by the father that had allegedly occurred over an extended period of time. In light of this claimed abuse, the evidentiary standards established in Family Ct Act article 10 were properly applied (*see Matter of Rawich v Amanda K.*, 90 AD3d 1085, 1086-1087 [2011]), and the child's out-of-court statements were thus admissible in this Family Ct Act article 6 proceeding if sufficiently corroborated (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Bartlett v Jackson*, 47 AD3d 1076, 1077 [2008], *lv denied* 10 NY3d 707 [2008]). A "relatively low" degree of corroboration is sufficient (*Matter of Kimberly CC. v Gerry CC.*, 86 AD3d at 730), and the requirement may be satisfied by "[a]ny other evidence tending to support the reliability of the [child's] statements" (Family Ct Act § 1046 [a] [vi]). Here, the mother described dramatic changes in the child's behavior, such as panic attacks, cutting herself, and inability to sleep. Further, expert testimony was offered by a therapist who saw the child on a weekly basis for two years. This expert testified that the child showed symptoms typical of children who had been sexually abused, such as anxiety, guilt, self-harming behaviors, suicidal thoughts and knowledge of sex beyond what would normally be expected for her age. The therapist described the child's ambivalence

about the father, in that she loved and missed him and, at the same time, strongly feared him and worried that he would "come after her again," and testified that such mixed emotions were common in children who were abused by a relative or close acquaintance. The therapist further testified that she knew of no evidence that the mother had influenced the child to fabricate her claims. Family Court found the therapist's testimony "highly credible and persuasive," and we fully agree that this testimony supplied the necessary corroboration for the hearsay testimony describing the child's statements (*see Matter of Rawich v Amanda K.*, 90 AD3d at 1087; *Matter of Daphne OO. v Frederick QQ.*, 88 AD3d 1167, 1168 [2011]).

Testifying as an adverse witness, the father denied the claimed sexual abuse, denied observing any resulting behavioral changes, and denied other allegations of physical abuse and neglect, including striking the child with a belt, using drugs, and perpetrating acts of domestic abuse in her presence. Notably, at the time of this testimony, the father was serving a three-year prison term for domestic abuse arising out of an assault on his girlfriend, and he admitted to previous convictions for other offenses, including domestic abuse and drug possession. According deference to Family Court's credibility assessments, there is a sound and substantial basis for the best interest determination and the court's finding that further contact with the father would be detrimental to the child's welfare (*see Matter of Ildefonso v Brooker*, 94 AD3d 1344, 1345-1346 [2012]; *Matter of Leonard v Pasternack-Walton*, 80 AD3d 1081, 1082 [2011]; *Matter of Abare v St. Louis*, 51 AD3d 1069, 1070-1071 [2008]).

Family Court's determination that the child's bond with the father had been obliterated by his harmful conduct and that her only healthy relationship was with her mother strongly supports the proposed relocation, even to a distant locale for an indefinite period. The mother's testimony addressed multiple additional factors revealing that the child's best interests would be promoted by the move—she described her anticipated employment, the child's anticipated schooling, the availability of counseling and medical treatment, the child's familiarity with the social environment and her opportunities to interact with friends and extended family following the relocation (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]; *compare Matter of Adams v Bracci*, 91 AD3d 1046, 1048-1049 [2012], *lv denied* 18 NY3d 809 [2012]; *Matter of Herman v Villafane*, 9 AD3d 525, 527-528 [2004]). Accordingly, we will not disturb the determination allowing the proposed relocation.

Peters, P.J., Rose, Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.