■ In the Matter of Destinie Hill Jarrett, Appellant, v Kemar Jarrett, Respondent. [956 NYS2d 898]—

In a family offense proceeding pursuant to Family Court Act article 8, the mother appeals from an order of the Family Court, Westchester County (Greenwald, J.), entered November 7, 2011, which, after a hearing, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

The allegations in a family offense proceeding must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see *Matter of Nunziata v Nunziata*, 93 AD3d 800, 801 [2012]; *Matter of Daoud v Daoud*, 92 AD3d 878 [2012]; *Matter of Pearlman v Pearlman*, 78 AD3d 711, 712 [2010]; *Matter of Thomas v Thomas*, 72 AD3d 834, 835 [2010]; *Matter of Hunt v Hunt*, 51 AD3d 924, 925 [2008]; *Matter of Patton v Torres*, 38 AD3d 667, 668 [2007]). "Only competent, material and relevant evidence may be admitted in a fact-finding hearing" (Family Ct Act § 834; see *Matter of Daoud v Daoud*, 92 AD3d at 878).

Here, the evidence submitted in support of the petition consisted solely of inadmissible hearsay. The mother, therefore, failed to establish the allegations in the petition by competent evidence (see Family Ct Act § 834; *Matter of Daoud v Daoud*, 92 AD3d at 878-879). Accordingly, the Family Court properly dismissed the petition.

The mother's remaining contentions are without merit. Mastro, J.P., Rivera, Dickerson and Lott, JJ., concur.