*545 In a family offense proceeding pursuant to Family Court Act article 8, the mother appeals from an order of the Family Court, Kings County (Hepner, J.), dated April 19, 2012, which, upon granting the father’s motion, made at the close of her case, to dismiss the petition based upon her failure to establish a prima facie case, dismissed the petition.
Ordered that the order is affirmed, with costs.
The allegations in a family offense proceeding must be “supported by a fair preponderance of the evidence” (Family Ct Act § 832; see Matter of Jarrett v Jarrett, 102 AD3d 695 [2013]; Matter of Scanziani v Hairston, 100 AD3d 1007 [2012]; Matter of Daoud v Daoud, 92 AD3d 878 [2012]; Matter of Mamantov v Mamantov, 86 AD3d 540, 541 [2011]). “In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom” (Matter of Mamantov v Mamantov, 86 AD3d at 541 [internal quotation marks omitted]; see CPLR 4401).
The Family Court correctly found that the mother failed to establish a prima facie case with respect to the family offenses of assault in the third degree (see Penal Law § 120.00), reckless endangerment in the second degree {see Penal Law § 120.20), and harassment in the second degree (see Penal Law § 240.26). As to the allegations of assault and reckless endangerment, the mother presented no evidence which would support a finding of physical injury (see Penal Law § 10.00 [9], [10]). As to the allegations of assault and harassment, the mother presented no evidence which would support a finding that the father had the requisite intent to commit these family offenses (see Penal Law §§ 120.00, 240.26).
The Family Court also correctly found that the mother failed to establish a prima facie case with respect to the family offenses of forcible touching (see Penal Law § 130.52) and sexual abuse in the third degree (see Penal Law § 130.55). The mother presented no direct evidence that the father touched the child “for the purpose of degrading or abusing” the child or “gratifying [his] sexual desire” (Penal Law § 130.52; see Penal Law §§ 130.00 [3]; 130.55; Matter of Christian E., 68 AD3d 1109, 1110 [2009]). Furthermore, although, in some instances, the element of intent may be inferred from the nature of the acts committed and the circumstances in which they occurred (see e.g. Matter of Lauryn H. [William A.], 73 AD3d 1175, 1177 [2010]), an intent to gratify sexual desire on the part of the *546 father cannot be inferred from the totality of the circumstances here (see Matter of Jeshaun R. [Ean R.], 85 AD3d 798, 800 [2011]; Matter of Jelani B., 54 AD3d 1032, 1032-1033 [2008]; see also People v Guerra, 178 AD2d 434 [1991]; cf. Matter of Ibn Abdus S., 91 AD3d 428, 429-430 [2012]; Matter of Olivia YY., 209 AD2d 892 [1994]). Accordingly, the mother failed to establish that the father had the requisite intent to commit the family offenses of forcible touching (see Penal Law § 130.52) and sexual abuse in the third degree (see Penal Law § 130.55).
Contrary to the mother’s contention, the Family Court properly refused to permit her to admit hearsay testimony pursuant to Family Court Act § 1046 (a) (vi). That section, by its own terms, is limited to a “hearing under . . . article [10] and article ten-A” of the Family Court Act (Family Ct Act § 1046 [a]), and although the hearsay exception contained in Family Court Act § 1046 (a) (vi) has been applied in the context of custody proceedings commenced pursuant to Family Ct Act article 6 where the basis of the custody proceeding is founded on neglect or abuse such that the issues are “inextricably interwoven” (Matter of Nilda S. v Dawn K., 302 AD2d 237, 238 [2003]; see Matter of Linda P. v Thomas P., 240 AD2d 583, 584 [1997]; Matter of Le Favour v Koch, 124 AD2d 903, 906 [1986]), the Family Court properly refused to apply Family Court Act § 1046 (a) (vi) in this case (see Matter of Jarrett v Jarrett, 102 AD3d at 695; Matter of Daoud v Daoud, 92 AD3d at 878; Matter of Belinda YY. v Lee ZZ., 74 AD3d 1394, 1395 [2010]).
The mother’s remaining contentions are without merit (see CPLR 4508 [a] [3]; Feldsberg v Nitschke, 49 NY2d 636, 643 [1980]; Cheathem v Ostrow, 100 AD3d 819 [2012]; Dank v Sears Holding Mgt. Corp., 93 AD3d 627, 628 [2012]; see generally Lightman v Flaum, 97 NY2d 128, 133 [2001], cert denied 535 US 1096 [2002]). Rivera, J.P., Roman, Miller and Hinds-Radix, JJ., concur.