■ In the Matter of BERNARD HARRY, Respondent, v SANDY HARRY, Appellant. [982 NYS2d 379]—

In a family offense proceeding pursuant to Family Court Act article 8, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Hepner, J.), dated September 14, 2012, which, after a hearing, found that she committed the family offense of harassment in the second degree and directed her to comply with the terms of an order of protection of the same court dated September 14, 2012.

Ordered that the order of fact-finding an disposition is affirmed, without costs or disbursements.

In a family offense proceeding, the petitioner bears the burden of establishing the allegations contained in the petition by a "fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Testa v Strickland*, 99 AD3d 917 [2012]; *Matter of Thomas v Thomas*, 72 AD3d 834, 835 [2010]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Kondor v Kondor*, 109 AD3d 660 [2013]; *Matter of Shields v Brown*, 107 AD3d 1005, 1006 [2013]; *Matter of Creighton v Whitmore*, 71 AD3d 1141 [2010]). Here, contrary to the appellant's contention, a fair preponderance of the credible evidence supports the court's determination that the appellant committed the family offense of harassment in the second degree (*see* Penal Law § 240.26 [3]; Family Ct Act §§ 812, 832; *Matter of Hodiantov v Aronov*, 110 AD3d 881, 882 [2013]; *Matter of Parameswar v Parameswar*, 109 AD3d 473, 474 [2013]; *Matter of Scanziani v Hairston*, 100 AD3d 1007, 1008 [2012]; *Matter of Draxler v Davis*, 11 AD3d 760 [2004]). Skelos, J.P., Lott, Roman and Cohen, JJ., concur.