In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of the Family Court, Nassau County (Stack, J.H.O.), dated August 1, 2013, which, after a hearing, found that he had committed the family offense *814 of reckless endangerment in the second degree and directed the issuance of an order of protection in favor of the subject child for a period of one year.
Ordered that the order is reversed, on the law, without costs or disbursements, the petition is denied, the proceeding is dismissed, and the order of protection is vacated.
In a family offense proceeding, the petitioner has the burden of establishing the allegations contained in the petition by a “fair preponderance of the evidence” (Family Ct Act § 832; see Matter of Harry v Harry, 115 AD3d 858 [2014]; Matter of Miloslau v Miloslau, 112 AD3d 632 [2013]; Matter of Thomas v Thomas, 72 AD3d 834, 835 [2010]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court’s determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (see Matter of Harry v Harry, 115 AD3d at 858; Matter of Winfield v Gammons, 105 AD3d 753, 754 [2013]). “ ‘Only competent, material and relevant evidence may be admitted in a fact-finding hearing’ ” (Matter of Jarrett v Jarrett, 102 AD3d 695, 695 [2013], quoting Family Ct Act § 834).
Here, the evidence presented in support of the petition, including the mother’s testimony regarding a telephone call she received from her friend and the police report, consisted primarily of inadmissible hearsay. The mother, therefore, failed to establish the allegations in the petition by competent evidence (see Family Ct Act § 834; Matter of Jarrett v Jarrett, 102 AD3d at 695; Matter of Daoud v Daoud, 92 AD3d 878, 878-879 [2012]).
The remaining contentions of the nonparty respondent are either without merit or not properly before this Court (see Matter of Chu Man Woo v Qiong Yun Xi, 106 AD3d 818, 819 [2013]; Matter of Imani B., 27 AD3d 645, 646 [2006]; Hatton v Gassler, 219 AD2d 697 [1995]).
Accordingly, the order must be reversed, the petition denied, the proceeding dismissed, and the order of protection vacated.
Skelos, J.E, Dillon, Roman and Maltese, JJ., concur.