*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 14, 2016                    519867
                                                       521755
_____

In the Matter of LEIGHANN W.,
                    Respondent,
         v                                    MEMORANDUM AND ORDER

THOMAS X.,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  June 2, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Aarons, JJ.

                    _____

         Teresa C. Mulliken, Harpersfield, for appellant.

         Jehed Diamond, Delhi, for respondent.

         Linden D. Summers III, Milford, attorney for the child.

                    _____

Devine, J.

         Appeals (1) from an order of the Family Court of Delaware
County (Becker, J.), entered August 20, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 8, for an order of protection, (2) from an order of
said court, entered August 25, 2014, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article 6,
to modify a prior order of custody and visitation, and (3) from
an order of said court, entered July 21, 2015, which denied
respondent's motion to vacate the prior orders.

         The parties are the parents of a daughter (born in 2005),

and a 2009 order awarded petitioner (hereinafter the mother) sole custody of the child and granted respondent (hereinafter the father) parenting time in this state. In March 2013, after the child made allegations that the father had sexually abused her, the mother commenced a family offense petition against the father and also petitioned to modify the custodial arrangement to end his right to visitation. Family Court found that the claimed sexual abuse had occurred following a fact-finding hearing and, as such, determined that the father committed a family offense, issued a two-year order of protection in favor of the mother and the child and modified the 2009 custody order to terminate the father's visitation. The father appeals from the custody order and the order of protection, as well as from the denial of his subsequent motion to vacate those orders.

Initially, while the order of protection and custody order were ostensibly entered on the father's default, our review of the record reveals that no such default occurred. The father appeared for the first part of the fact-finding hearing and, while he was absent for the final day of the hearing, his counsel was in attendance. His counsel declined Family Court's offer for him to refrain from participating and render the father's absence a "pure default," and then engaged fully by, among other things, cross-examining a witness. The orders that ensued were therefore not issued upon default, and the father was free to appeal from them (see Matter of Corey UU. [Donna UU.], 85 AD3d 1255, 1256 n 1 [2011], lv denied 17 NY3d 708 [2011]; Matter of Konard M., 257 AD2d 919, 920 [1999]; Matter of Jennifer DD., 227 AD2d 675, 676 [1996]; compare CPLR 5511; Matter of Myasia QQ. [Mahalia QQ.], 133 AD3d 1055, 1056 [2015]).

Turning to the merits of those appeals, we reverse. With regard to the modification petition, the mother was obliged to demonstrate a change in circumstances that, once shown, would then warrant an inquiry into the best interests of the child (see Matter of Ryan v Lewis, 135 AD3d 1135, 1136 [2016]). The critical determination here was whether the father sexually abused the child, as proof of abuse "would clearly establish a change in circumstances such that it would be contrary to the child's best interest to continue to have unrestricted contact

with the father" (Matter of Kimberly CC. v Gerry CC., 86 AD3d 728, 729 [2011]; see Matter of Lori DD. v Shawn EE., 100 AD3d 1305, 1306 [2012]).

Evidence of the abuse came in the form of the child's out-of-court statements and, inasmuch as "the evidentiary standards established in Family Ct Act article 10" were applicable under these circumstances, the question became whether her statements were "sufficiently corroborated" so as to be admissible (Matter of Lori DD. v Shawn EE., 100 AD3d at 1306; see Family Ct Act § 1046 [a] [vi]; Matter of Rawich v Amanda K., 90 AD3d 1085, 1087 [2011]). The mother testified that the child stated that the father had touched her, then acted out an incident of sexual abuse. The child also told her therapist that the father had touched her, but the therapist testified that the child declined to give details about the incident and did not opine that the child's behavior was indicative of sexual assault or that there was reason to believe that her statements were truthful. The therapist expressly declined to offer such an opinion in her testimony, in fact, making clear that she would not say whether the child's claims were "true or untrue." The child herself did not testify, and Family Court rejected the belated requests of counsel for the father and the child for a Lincoln hearing.

The corroboration requirement is not demanding and may be "satisfied by any other evidence tending to support the reliability of the [child's] previous statements" (Matter of Columbia County Dept. of Social Servs. v Kristin M., 92 AD3d 1101, 1103 [2012]), but mere "repetition of an accusation" will not suffice (Matter of Cobane v Cobane, 57 AD3d 1320, 1321 [2008], lv denied 12 NY3d 706 [2009]; see Matter of Nicole V., 71 NY2d 112, 124 [1987]). The proof here did not rise above repetition to include additional evidence such as expert testimony that the child's behavior or her statements were consistent with abuse, physical evidence of abuse, or the sworn testimony or in camera statements of the child herself (see Matter of Katrina CC. [Andrew CC.], 118 AD3d 1064, 1065-1066 [2014]; Matter of Dezarae T. [Lee V.], 110 AD3d 1396, 1398 [2013]; Matter of Rawich v Amanda K., 90 AD3d at 1086). Therefore, while we are mindful that the issue of corroboration

"in a particular case is a fine judgment entrusted in the first instance to the [t]rial [j]udges who hear and see the witnesses," there is simply nothing in the record before us to permit a finding of corroboration (Matter of Christina F., 74 NY2d 532, 536 [1989]; see e.g. Matter of Katrina CC. [Andrew CC.], 118 AD3d at 1065-1066; Matter of Dezarae T. [Lee V.], 110 AD3d at 1397-1398; Matter of Suzanne EE. v Christopher FF., 66 AD3d 1198, 1199-1200 [2009]).  The child's hearsay statements should not have been considered as a result and, without them, the mother failed to establish a change in circumstances sufficient to warrant revisiting the 2009 custody order.  This is true even though Family Court could have "draw[n] the strongest inference against [the father due to his failure to testify] that the opposing evidence in the record permits," as the evidence submitted by the mother did not meet her initial burden of proof (Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141 [1983]; see Matter of McGovern v McGovern, 58 AD3d 911, 915 [2009]).

Lastly, even assuming that hearsay claims of abuse may constitute "competent, material and relevant evidence" in a family offense petition if corroborated (Family Ct Act § 834; but see Matter of Khan-Soleil v Rashad, 108 AD3d 544, 546 [2013]; Matter of Belinda YY. v Lee ZZ., 74 AD3d 1394, 1395 [2010]), there was not "a fair preponderance of the evidence" to establish a family offense without them (Family Ct Act § 832).  In light of the foregoing, the appeal from Family Court's denial of the father's motion to vacate the modification order and order of protection has been rendered moot (see Matter of Audra Z. v Lina Y., 135 AD3d 1197, 1198 [2016]; Matter of Sarah A., 63 AD3d 1592, 1592 [2009]).

McCarthy, J.P., Garry, Lynch and Aarons, JJ., concur.

ORDERED that the orders entered August 20, 2014 and August 25, 2014 are reversed, on the law, without costs, and petitions dismissed.

ORDERED that the appeal from the order entered July 21, 2015 is dismissed, as moot, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court