■ In the Matter of DHANMATIE G., Appellant, v ZAMIN B., Respondent. [45– NYS3d 40]—

Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about October 2, 2014, which dismissed without prejudice petitioner's family offense petition, unanimously affirmed, without costs.

Petitioner failed to establish a family offense by a fair preponderance of the evidence (Family Ct Act § 832). Petitioner's allegations that respondent paternal uncle inappropriately touched one or more of the children were supported only by the inadmissible hearsay statements of the children (*Matter of Joyesha J. v Oscar S.*, 135 AD3d 557, 558 [1st Dept 2016]; *see* Family Ct Act § 834). Family Court Act § 1046 (a) (vi), which allows such testimony, is explicitly limited to child protective proceedings under articles 10 and 10-A, and has no application to family offense proceedings under article 8. The application of that provision in child custody proceedings under article 6 has been confined to situations in which the custody proceeding is founded upon abuse or neglect, rendering the issues "inextricably interwoven" (*Matter of Khan-Soleil v Rashad*, 108 AD3d 544, 546 [2d Dept 2013]). Nor was there additional admissible evidence to sufficiently corroborate the statements (*see Matter of Leighann W. v Thomas X.*, 141 AD3d 876, 878-879 [3d Dept 2016]). The mere repetition of the statements does not constitute corroboration (*id.* at 878; *see also Matter of Nicole V.*, 71 NY2d 112, 124 [1987]).

"Viewed in totality," the record shows that petitioner received "meaningful representation" from her trial counsel (*Matter of Dylan Mc. [Michelle M. Mc.]*, 105 AD3d 1049, 1050 [2d Dept 2013]). Trial counsel acknowledged that she had no other evidence other than the inadmissible hearsay statements of the children.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Andrias, J.P., Moskowitz, Kapnick, Webber and Kahn, JJ.