Matter of Kristie GG. v Sean GG. (2018 NY Slip Op 08718)





Matter of Kristie GG. v Sean GG.


2018 NY Slip Op 08718


Decided on December 20, 2018


Appellate Division, Third Department


McCarthy, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

524556

[*1]In the Matter of KRISTIE GG., Petitioner,
v
SEAN GG., Appellant.

Calendar Date: November 16, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.


Tracy's Law Office, Cherry Valley (Dennis B. Laughlin of counsel), for appellant.
Christopher Hammond, Cooperstown, attorney for the children.



OPINION AND ORDER
McCarthy, J.
Appeals from two orders of the Family Court of Otsego County (Lambert, J.), entered January 25, 2017 and March 29, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, finding respondent to have committed a family offense and issued an order of protection.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three children (born in 2000, 2002 and 2007). Pursuant to a judgment of divorce, the children primarily reside with the mother in Otsego County and have visitation with the father at his home in Florida. After the children informed the father that they did not want to travel to Florida for a February 2016 visit, that visit occurred in Otsego County. During the visit, the father grabbed the middle child during an argument. The other two children witnessed the incident.
The mother subsequently filed a Family Ct Act article 8 petition alleging that the father had committed a family offense against the children, namely harassment in the second or third degree. At a fact-finding hearing, the attorney for the children moved to preclude the parties from calling the children as witnesses. Family Court granted the motion on consent. Over the father's hearsay objections, two detectives testified as to the children's out-of-court statements about the incident. The mother also testified as to the children's statements. Video recordings of the police interviews with the children were admitted into evidence, over the father's objections. The father testified regarding the incident, asserting that he took the middle child by the arm to lead him outside the hotel but, after the child was disrespectful and hit the father's arm, the father grabbed the child by both arms to get him under control. Based on the testimony, video recordings and a photograph of the child's arm, Family Court found that the father committed the family offense of [*2]harassment in the second degree and issued a two-year order of protection. The father appeals from the fact-finding order.[FN1]
After being informed that it was required to hold a dispositional hearing, Family Court amended the fact-finding order by continuing the temporary order of protection and scheduling a dispositional hearing. Following that hearing, the court entered a two-year order of protection in favor of the children. The father appeals from the dispositional order.[FN2]
Family Court erred in admitting hearsay testimony of the children in the fact-finding portion of this Family Ct Act article 8 proceeding. In family offense proceedings, commenced pursuant to Family Ct Act article 8, "[o]nly competent, material and relevant evidence may be admitted in a fact-finding hearing" (Family Ct Act § 834). Competent evidence excludes hearsay testimony unless an exception exists. The court here relied on Family Ct Act § 1046 (a) (vi), which provides, in part, that "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect." By its terms, that statute applies only in hearings under Family Ct Act articles 10 and 10-A, which generally address child protective proceedings (see Family Ct Act § 1046 [a]). Nevertheless, courts have applied this statutory hearsay exception to custody and visitation proceedings, commenced pursuant to Family Ct Act article 6, and have deemed admissible in such proceedings a child's out-of-court statements so long as they relate to abuse or neglect and are sufficiently corroborated (see e.g. Matter of Cory O. v Katie P., 162 AD3d 1136, 1136-1137 [2018]; Matter of Hamilton v Anderson, 143 AD3d 1086, 1087 [2016]; Matter of Le Favour v Koch, 124 AD2d 903, 906 [1986], lv denied 69 NY2d 605 [1987]).
Despite the extension of the exception from Family Ct Act articles 10 and 10-A to article 6, this Court has never directly addressed whether Family Ct Act § 1046 (a) (vi) can be applied in a proceeding pursuant to Family Ct Act article 8 (compare Matter of Leighann W. v Thomas X., 141 AD3d 876, 879 [2016] [concluding that the evidence was insufficient, even assuming that hearsay claims of abuse could be used to establish a family offense petition]). The First and Second Departments have concluded that even though the exception has been applied in custody proceedings under article 6 that are founded on abuse or neglect, because Family Ct Act § 1046 (a) (vi) "is explicitly limited to child protective proceedings under articles 10 and 10-A, [it] has no application to family offense proceedings under article 8" (Matter of Dhanmatie G. v Zamin B., 146 AD3d 495, 495 [1st Dept 2017]; see Matter of Khan-Soleil v Rashad, 108 AD3d 544, 546 [2d Dept 2013]). This conclusion comports with the language of the statute. The Legislature did not include a similar hearsay exception in Family Ct Act article 8, even though it would have been natural to do so because most family offenses allegedly committed against a child will implicate abuse or neglect of that child. Considering that Family Ct Act article 8 essentially provides a civil forum to address criminal conduct (see Merril Sobie, Practice Commentaries, McKinney's Cons Law of NY, Book 29A, Family Ct Act § 832 at 293 [noting that although "a family offense is predicated upon criminal acts . . ., an [a]rticle 8 proceeding is civil in nature"]) and is generally utilized between adult parties, whereas the primary purpose of Family Ct Act articles 10 and 10-A is to protect vulnerable children, it is reasonable to limit the Family Ct Act § 1046 (a) (vi) exception for children's out-of-court statements from being applied in family offense proceedings. Therefore, Family Court erred in admitting the children's out-of-court statements during the fact-[*3]finding hearing (see Matter of Dhanmatie G. v Zamin B., 146 AD3d at 495; Matter of Khan-Soleil v Rashad, 108 AD3d at 546).
Having determined that Family Court should not have relied upon the children's hearsay statements, we must consider whether the remaining evidence at the fact-finding hearing was sufficient to establish that the father committed a family offense. Setting aside the children's statements to the detectives, to the mother and on the videotape, the evidence directly related to the incident is extremely limited. It includes a photograph showing a barely visible bruise on the middle child's arm, the detectives' evaluation of the children's body language and the father's testimony that he grabbed the middle child while removing him from a situation where he was misbehaving. The father testified that his intention in taking hold of the child was not to alarm him, but to get him and the situation under control. This testimony contradicts the intent required to prove harassment in the second degree and supports the father's defense of justification, which permits a parent to use physical force to the extent that he or she deems reasonably necessary to maintain discipline (see Penal Law §§ 35.10 [1]; 240.26; Matter of Anthony J. v David K., 70 AD3d 1220, 1221 [2010]). Although the court could have disbelieved the father's testimony and inferred his state of mind from the circumstances (see People v Harden, 134 AD3d 1160, 1163 [2015], lv denied 27 NY3d 1133 [2016]; People v Perry, 95 AD3d 1444, 1445 [2012], lvs denied 19 NY3d 995, 1000 [2012]), without the hearsay testimony, there was not a sufficient basis for the court to find that the father committed a family offense.
The father contends that we must dismiss the petition because, absent the hearsay evidence, the mother failed to meet her burden. However, it would be improper to dismiss the mother's petition when she met her burden under Family Court's rulings, which she relied upon, regarding the hearsay. Further, when the father objected to hearsay statements from the children, the attorney for the children argued that the father had consented to his motion to preclude the children as witnesses upon the basis that the parties would use the hearsay testimony. From the father's objections, it appears that his consent to the motion may have been based on a different understanding of its implication. Accordingly, the proper remedy would be to reverse and remit for a new fact-finding hearing.
Garry, P.J., Egan Jr., Devine and Clark, JJ., concur.
ORDERED that the appeal from the order entered January 25, 2017 is dismissed, without costs.
ORDERED that the order entered March 29, 2017 is reversed, without costs, and matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: By statute, with exceptions not relevant here, a party in Family Court can appeal as of right only from an order of disposition (see Family Ct Act § 1112). Hence, we must dismiss the father's appeal from the fact-finding order, but his appeal from the dispositional order brings up for review the determinations made in the earlier, nonfinal order (see Matter of Isaiah OO. [Benjamin PP.], 149 AD3d 1188, 1189 n [2017], lv denied 29 NY3d 913 [2017]; Matter of Ryan v Nolan, 134 AD3d 1259, 1261-1262 [2015]; compare Matter of Maryanne PP. v Richard QQ., 192 AD2d 747, 748 n 2 [1993]).

Footnote 2: This Court granted a motion to stay the dispositional order and order of protection while these appeals are pending.