Matter of Issiah C. (2020 NY Slip Op 5279)





Matter of Issiah C.


2020 NY Slip Op 05279


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Gische, J.P., Oing, Singh, Mendez, JJ. 


Docket No. D-07686/2017 Appeal No. 11900 Case No. 2019-03081 

[*1]In re Issiah C., a Person Alleged to be a Juvenile Delinquent, Respondent-Appellant.


Dawne A. Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for presentment agency.



Order of disposition, Family Court, Bronx County (Gilbert A. Taylor, J.), entered on or about March 12, 2019, which adjudicated respondent a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of forcible touching (two counts), sexual abuse in the second degree, and sexual abuse in the third degree, and placed him on level one probation for a period of nine months, unanimously affirmed, without costs. 
Where the victim's direct testimony was interrupted by a six-week continuance of the hearing, the court providently exercised its discretion when it directed the victim not to discuss her testimony with presentment agency counsel or anyone else during the recess, but permitted her to read a transcript of her initial testimony before direct examination resumed. There is no evidence of any communication between counsel and the victim about her testimony.
The sexual abuse counts were not duplicitous, because the sexual abuse occurred during a single "uninterrupted course of conduct" (People v Alonzo, 16 NY3d 267, 270 [2011]). Respondent followed the victim throughout the school they attended, and the fact that the assaults did not occur in precisely the same location at exactly the same time did not create separate incidents that should have been charged separately.
We reject respondent's challenges to the legal sufficiency and weight of the evidence supporting the sexual gratification element of sexual abuse, given the surrounding circumstances (see Matter of Ibn Abdus S., 91 AD3d 428, 430 [1st Dept 2012]; see also People v Guaman, 22 NY3d 678, 684-685 [2014]). The record supports the inference that respondent acted for the purpose of gratifying a sexual desire and to degrade or humiliate, and fails to support that respondent's actions were "an accident", that he was "just playing around," or any other purported "innocent explanation" respondent presented for his actions.
The court providently exercised its discretion when it ordered a nine-month period of probation after respondent repeatedly violated the terms of the adjournment in contemplation of dismissal that the court had initially granted, and made only marginal improvement in compliance with its terms over the course of eight months.
Probation was the least restrictive dispositional alternative consistent with respondent's needs and the community's need for protection (see Matter of Katherine W., 62 NY2d 947 [1984]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020