Matter of Godfrey v Bahadeur (2020 NY Slip Op 05750)





Matter of Godfrey v Bahadeur


2020 NY Slip Op 05750


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-13269
 (Docket No. O-12061-17)

[*1]In the Matter of Dhanmatie Godfrey, etc., respondent,
v
Zahamin Bahadeur, appellant.


Wayne F. Crowe, Jr., Bronx, NY, for appellant.
Barbara J. Caravello, Jamaica, NY, for respondent.
Frank Bruno, Jr., Glendale, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Zahamin Bahadeur appeals from an order of protection of the Family Court, Queens County (Geoffrey Wright, J.), dated August 23, 2018. The order of protection, after a hearing, and upon a finding that the appellant committed a family offense, directed him, inter alia, to stay away from the subject children until and including August 23, 2021.
ORDERED that the order of protection is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.
The allegations in a family offense proceeding must be "'supported by a fair preponderance of the evidence'" (Matter of Khan-Soleil v Rashad, 108 AD3d 544, 545, quoting Family Ct Act § 832). In a family offense proceeding, "[o]nly competent, material and relevant evidence may be admitted in a fact-finding hearing" (Family Ct Act § 834). In child protective proceedings brought pursuant to articles 10 and 10-A of the Family Court Act, there is a statutory hearsay exception for "previous statements made by the child relating to any allegations of abuse or neglect" (Family Ct Act § 1046[a][vi]). "[A]lthough the hearsay exception contained in Family Court Act § 1046(a)(vi) has been applied in the context of custody proceedings commenced pursuant to Family [Court] Act article 6 where the basis of the custody proceeding is founded on neglect or abuse such that the issues are inextricably interwoven," section 1046(a)(vi) is inapplicable in a family offense proceeding pursuant to Family Court Act article 8 (Matter of Khan-Soleil v Rashad, 108 AD3d at 546 [internal quotation marks omitted]; see Matter of Dhanmatie G. v Zamin B., 146 AD3d 495, 495; Matter of Kristie GG. v Sean GG., 168 AD3d 25, 28-29).
Here, Dhanmatie Godfrey filed a family offense petition against Zahamin Bahadeur, in which she alleged that Bahadeur committed a family offense against one of her children. The only evidence presented by Godfrey in support of the allegations in the family offense petition were the child's inadmissible hearsay statements, as testified to by Godfrey. The Family Court erred in admitting the child's hearsay statements into evidence because the hearsay exception set forth in Family Court Act § 1046(a)(vi) does not apply in family offense proceedings pursuant to Family Court Act article 8 (see Matter of Khan-Soleil v Rashad, 108 AD3d at 546; Matter of Dhanmatie G. [*2]v Zamin B., 146 AD3d at 495; Matter of Kristie GG. v Sean GG., 168 AD3d at 28-29). Accordingly, the court should have denied the petition, as Godfrey failed to establish the allegations in the petition by competent evidence (see Family Ct Act § 834; Matter of Jarrett v Jarrett, 102 AD3d 695, 695; Matter of Daoud v Daoud, 92 AD3d 878, 878-879).
In light of our determination, we need not address the appellant's remaining contentions.
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court