Matter of O'Connor v O'Connor (2022 NY Slip Op 00667)





Matter of O'Connor v O'Connor


2022 NY Slip Op 00667


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2021-03091 
2021-03092
 (Docket No. O-1582-20/20B)

[*1]In the Matter of Deirdra O'Connor, etc., appellant,
v
Kevin O'Connor, respondent.


Warren S. Hecht, Forest Hills, NY, for appellant.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), entered December 30, 2020, and an order of dismissal of the same court entered January 5, 2021. The order entered December 30, 2020, granted the respondent's motion to dismiss the family offense petition for failure to state a cause of action and directed the dismissal of that petition and a subsequent violation petition. The order of dismissal dismissed the family offense petition and the subsequent violation petition with prejudice and vacated a temporary order of protection dated September 18, 2020.
ORDERED that the appeal from the order entered December 30, 2020, is dismissed, without costs or disbursements, as no appeal lies as of right from a nondispositional order in a proceeding pursuant to Family Court article 8 (see Family Ct Act § 1112[a]) and leave to appeal has not been granted; and it is further,
ORDERED that the order of dismissal is reversed, on the law, without costs or disbursements, the family offense petition and the violation petition are reinstated, the temporary order of protection dated September 18, 2020, is reinstated, the order entered December 30, 2020, is vacated, and the matter is remitted to the Family Court, Rockland County, for further proceedings consistent herewith.
The petitioner filed a family offense petition against the respondent, her former spouse, on behalf of herself and the parties' minor child. The petition alleged that the respondent committed the family offenses of harassment in the first or second degree.
An ex parte temporary order of protection dated September 18, 2020, was issued in favor of the petitioner and the child, and the petitioner subsequently filed a second petition alleging that the respondent violated the temporary order of protection.
The respondent moved to dismiss the family offense petition for failure to state a cause of action. The petitioner opposed the motion.
In an order entered December 30, 2020, the Family Court granted the respondent's motion. While the court disagreed with the respondent's contention that the factual allegations in the petition were insufficient to make out one or more enumerated family offenses, the court [*2]nevertheless determined that the petitioner would be unable to prove her allegations because the child's out-of-court statements were inadmissible. An order of dismissal, entered January 5, 2021, dismissed the family offense petition and the violation petition with prejudice, and vacated the temporary order of protection. The petitioner appeals.
While the Family Court was correct in noting that the child's out-of-court statements regarding the father's alleged harassment could not be admitted under the statutory hearsay exception of Family Court Act § 1046(a)(vi) (see Matter of Godfrey v Bahadeur, 187 AD3d 909, 910; Matter of Khan-Soleil v Rashad, 108 AD3d 544, 546), and that the child could not be permitted to testify in camera outside the presence of the respondent or his counsel (see Matter of Deith v Deith, 27 AD3d 649), the court erred in concluding that there was no other way for the petitioner to present competent evidence of the allegations—for instance, by having the child, who was 17 years old at the time the petition was filed, testify in open court (see e.g. Matter of Lashlee v Lashlee, 161 AD3d 866). As the allegations in the petitions, if accepted as true, could rise to the level of one or more enumerated family offenses, the court improperly dismissed these petitions without the opportunity to hear from the child.
The petitioner's remaining contention is not properly before this Court.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court