Matter of Wedra v Greco (2023 NY Slip Op 04319)

Matter of Wedra v Greco

2023 NY Slip Op 04319

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-07943
 (Docket Nos. O-22383-19, V-4190-18, V-4191-18)

[*1]In the Matter of Dennis G. Wedra, Jr., appellant, 
v
Assunta Greco, respondent.

Karen M. Jansen, White Plains, NY, for appellant.
Gary E. Eisenberg, White Plains, NY, attorney for the child Stefania.
Ronna L. DeLoe, Larchmont, NY, attorney for the child Liangela.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated October 22, 2021. The order, insofar as appealed from, after a hearing, in effect, denied the father's family offense petition and dismissed that proceeding.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
As is relevant to this appeal, the father commenced a proceeding pursuant to Family Court Act article 8 alleging that the mother committed various family offenses against one of their children. After a hearing, the Family Court, inter alia, in effect, denied the father's family offense petition and dismissed that proceeding. The father appeals.
In a family offense proceeding, the petitioner has the burden of establishing the allegations contained in the petition by a "fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Walsh v Desroches, 118 AD3d 813, 814). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (see Matter of Walsh v Desroches, 118 AD3d at 814; Matter of Harry v Harry, 115 AD3d 858, 858). "'Only competent, material and relevant evidence may be admitted in a fact-finding hearing'" (Matter of Jarrett v Jarrett, 102 AD3d 695, 695, quoting Family [*2]Ct Act § 834).
Here, the evidence presented in support of the petition, including the father's testimony regarding statements made to him by his children, and a report from Child Protective Services, consisted primarily of inadmissible hearsay. The father, therefore, failed to establish the allegations in the petition by competent evidence (see Family Ct Act § 834; Matter of Walsh v Desroches, 118 AD3d 813, 814; Matter of Jarrett v Jarrett, 102 AD3d at 695).
Contrary to the father's contention, the Family Court properly ruled that certain hearsay statements were not admissible under the excited utterance exception to the hearsay rule (see People v Cantave, 21 NY3d 374, 381-382; Matter of O'Connor v O'Connor, 202 AD3d 689, 690; Matter of Johnson v Johnson, 146 AD3d 954, 955).
Accordingly, the Family Court properly, in effect, denied the father's family offense petition and dismissed that proceeding.
The remaining contentions of the respective attorneys for the children need not be reached in light of the foregoing.
CONNOLLY, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court