■ In the Matter of KATHRYN V. CLARK, Respondent, v PETER J. LISKA, Appellant. (And Another Related Proceeding.) [691 NYS2d 633] —Spain, J. Appeals (1) from an order of the Family Court of Clinton County (McGill, J.), entered July 14, 1997, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in willful violation of a prior child support order and denied respondent's cross application to declare the support provisions in a judgment of divorce null and void, and (2) from an order of said court, entered August 11, 1997, which dismissed respondent's application, in a proceeding pursuant to Family Court Act article 4, to direct petitioner to pay child support.

The parties were divorced by a judgment dated October 9, 1992 which incorporated, but did not merge, a stipulation entered into between them in Supreme Court on August 7, 1992 and a Family Court order dated October 31, 1991. According to the terms of the Family Court order, the parties retained joint custody of their oldest son, with physical custody of that child awarded to respondent; petitioner was awarded sole legal and physical custody of their three remaining children. According to the terms of the Supreme Court child support stipulation, respondent agreed to pay petitioner $128 per week based upon respondent's yearly income of $25,000. Both parties were represented by counsel at the time the Supreme Court child support stipulation was placed on the record, which included the following language: "The parties acknowledge that the child support provision has been computed in accordance with the Child Support Standards Act, which presumptively will result in the correct child support figure. Both parties have been apprised by their attorneys of the Child Support Guidelines and the computations required under the Child Support Standards Act."

Petitioner commenced this proceeding *sub judice* in Family Court by petition dated March 26, 1997 alleging that respondent had willfully violated his child support obligation. Al-

though respondent had previously been before Family Court on several support violation petitions arising out of the 1992 Supreme Court stipulation and judgment, in his answer he asserted for the first time that the child support provisions of the judgment of divorce violated the requirements of the Child Support Standards Act (hereinafter CSSA) (*see*, Domestic Relations Law § 240 [1-b]; Family Ct Act § 413 [1]); respondent sought, by cross petition, to have the child support portion of the 1992 Supreme Court judgment declared null and void. By a separate petition respondent also sought a Family Court order directing petitioner to pay him child support for the child residing with him. After a hearing, Family Court entered a violation of support order against respondent, dismissed his petition for child support and dismissed his cross petition, holding that Family Court had no authority to overturn an order made in Supreme Court. Respondent then appealed from Family Court's orders.

Thereafter, raising the CSSA violation issue, respondent moved in Supreme Court, Clinton County, for an order vacating the child support provisions of the 1992 judgment of divorce and awarding him child support for the child who resides with him. Supreme Court (Dawson, J.) agreed with respondent, concluding that the parties' 1992 stipulation did not comport with the CSSA and ordering updated statements of net worth in order to compute the proper amount of child support, taking into account the amount due respondent from petitioner for the child residing with him. That matter was still pending before Supreme Court at the time these appeals were taken by respondent from the Family Court orders.*

Initially, we reject respondent's assertion that, having raised the CSSA defense in his answer, Family Court was required to transfer the entire proceeding to Supreme Court. Where, as here, Supreme Court does not expressly retain jurisdiction to enforce or modify a judgment of divorce, Family Court may entertain an application to enforce or modify (*see*, Family Ct Act § 461 [b]; *Matter of Neil v Neil*, 232 AD2d 771). Inasmuch as the 1992 Supreme Court judgment of divorce—which incorporated the parties' stipulation—did not retain exclusive jurisdiction over the issue of child support, Family Court had jurisdiction to enforce the child support to which the parties agreed in their 1992 stipulation. Family Court's own enforcement order of July 14, 1997, which is based on a series of prior Family Court orders, was proper and its refusal to cancel

---

* Respondent's appeal from Supreme Court's final order is now pending in this Court.

respondent's arrears was also appropriate (*see*, Domestic Relations Law § 236 [B] [9] [b]; § 244; Family Ct Act §§ 451, 460 [1]; *Matter of Dox v Tynon*, 90 NY2d 166, 175-176).

The issue of whether Family Court should have transferred that portion of respondent's answer and cross petition which challenged the legality of the child support provisions of the judgment of divorce is academic, as respondent subsequently brought that question directly to Supreme Court where he was granted relief (*see*, NY Const, art VI, § 19 [e]).

Finally, although it was within Family Court's discretion to treat respondent's child support petition as an application to modify the child support provisions of the judgment of divorce, respondent never alleged any significant change in circumstances which would have provided Family Court with a basis upon which to modify Supreme Court's child support order (*see*, Family Ct Act § 466 [c] [ii]; *Matter of Boden v Boden*, 42 NY2d 210, 213). Accordingly, the orders of Family Court are affirmed.

Cardona, P. J., Mercure, Peters and Graffeo, JJ., concur. Ordered that the orders are affirmed, without costs.