In the Matter of REBECCA KK., a Child Alleged to be Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHARON PP., Appellant. (Proceeding No. 1.) In the Matter of REBECCA KK., a Child Alleged to be Severely Abused. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHARON PP., Appellant. (Proceeding No. 2.) [876 NYS2d 217]—

Mercure, J. Appeals (1) from an order of the Family Court of Cortland County (Campbell, J.), entered March 5, 2008, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 10-A, to approve respondent's current permanency plan, and (2) from an order of said court, entered March 24, 2008, which, among other things, in proceeding No. 2 pursuant to Family Ct Act article 10, granted petitioner's motion for a determination that reasonable efforts to reunify respondent with the child are no longer required.

The underlying facts are more fully set forth in two prior decisions of this Court affirming determinations that respondent,

the subject child's mother, had neglected the child (51 AD3d 1086 [2008]), and which continued suspension of respondent's visitation and modified the permanency plan to place the child for adoption (55 AD3d 984 [2008]). In August 2007, another petition was filed alleging neglect, abuse and severe abuse by respondent. That proceeding was commenced in response to the child's disclosures that respondent had touched her inappropriately before she had been removed from respondent's home.

Following a fact-finding hearing, Family Court found that the child had been neglected, abused and severely abused by respondent. Subsequently, petitioner moved, pursuant to Family Ct Act § 1039-b, for a determination that reasonable efforts to reunite the family were no longer required. Family Court ultimately issued a dispositional order on March 24, 2008, determining that respondent had subjected the child to aggravated circumstances and relieving petitioner from further reasonable efforts to reunify respondent and the child because such would be contrary to the child's health and safety. Respondent appeals from this order. Meanwhile, the court issued an order on March 5, 2008 that, among other things, approved petitioner's then-current permanency plan of placement for adoption, and from which respondent also appeals.

Respondent first contends that Family Court erred in finding severe abuse—and, hence, the existence of aggravated circumstances—because the child's statements were not sufficiently corroborated. A child's out-of-court statement alleging neglect or abuse " 'may be corroborated by any evidence tending to support its reliability, and a relatively low degree of corroborative evidence is sufficient in abuse proceedings' " (*Matter of Sasha R.*, 24 AD3d 902, 903 [2005], quoting *Matter of Joshua QQ.*, 290 AD2d 842, 843 [2002]; *accord Matter of Kayla N.*, 41 AD3d 920, 922 [2007]; *see* Family Ct Act § 1046 [a] [vi]). The finding here was based primarily on the child's allegations, in two letters to her foster parents, that respondent touched her inappropriately while bathing her. Corroborative evidence included a caseworker's observation of inappropriate sexual behavior by respondent during a visit with the child, the testimony of a psychologist who examined the child and opined that her behavior was consistent with ongoing abuse by respondent, and evidence that the child's behavior improved dramatically once contact with respondent ceased (*see Matter of Caitlyn U.*, 46 AD3d 1144, 1146 [2007]; *Matter of Richard SS.*, 29 AD3d 1118, 1121 [2006]; *Matter of Cecilia PP.*, 290 AD2d 836, 837-838 [2002]; *Matter of Tanya T.*, 252 AD2d 677, 678-679 [1998], *lv*

*denied* 92 NY2d 812 [1998]). In our view, the child's accusations were sufficiently corroborated and Family Court's finding of severe abuse was supported by clear and convincing evidence (*see* Family Ct Act § 1046 [b] [ii]; *Matter of Alijah C.*, 1 NY3d 375, 378 n 2 [2004]; *Matter of Julia BB.*, 42 AD3d 208, 216 [2007], *lvs denied* 9 NY3d 815 [2007]).

Respondent also contends that Family Court's order to terminate reasonable efforts was in error. We note, however, that counsel for respondent stated at the dispositional hearing that respondent did not oppose petitioner's motion. In any event, reasonable efforts are no longer required where, as here, the parent subjected the child to aggravated circumstances (*see* Family Ct Act § 1039-b [b] [1]; *Matter of Cecilia PP.*, 290 AD2d at 838-839).

Finally, we turn to the contention of the Law Guardian that Family Court erred in approving petitioner's permanency plan of placement for adoption without consulting the child. Pursuant to Family Ct Act § 1089 (d), as amended effective December 31, 2007 (*see* L 2007, ch 327, part B, § 11), Family Court shall determine its findings at the conclusion of a permanency hearing and enter an order of disposition "upon the proof adduced, which *shall* include age-appropriate consultation with the child who is the subject of the permanency hearing" (emphasis added). We agree that the court erred insofar as it did not consult with the child—who was 14 years old at the time—during the February 2008 permanency hearing, particularly in light of the fact that the Law Guardian evidently failed to relate the child's preferences concerning the permanency plan or visitation with respondent (*see People v Santi*, 3 NY3d 234, 242-243 [2004] [in implementing statutes, courts must effectuate the intent of the Legislature and, when the language is unambiguous, accord statutes their plain meaning]; *People v Finnegan*, 85 NY2d 53, 58 [1995], *cert denied* 516 US 919 [1995] [same]; *People ex rel. Harris v Sullivan*, 74 NY2d 305, 309 [1989] [same]; *see also* Sponsor's Mem, Bill Jacket, L 2007, ch 327). The child's position in connection with this appeal is that she would like to remain with her current foster parents in an alternative living arrangement and would prefer such over adoption by another family. Furthermore, while the foster parents are not interested in adopting the child at this time, they have stated that they would be willing to have the child remain in their home until she completes her education. Notwithstanding this failure to consult with the child, however, we note that Family Court has since taken the child's wishes into consideration and approved a new permanency plan of both permanent alternative living ar-

rangement with an adult resource and adoption. Under these circumstances, this issue has now been rendered moot (*see Matter of King v Jackson*, 52 AD3d 974, 975 [2008]; *see also Matter of Haylee RR.*, 56 AD3d 968, 968 [2008]; *Matter of Clark v Liska*, 262 AD2d 721, 723 [1999]).

We have examined respondent's remaining contentions in connection with the permanency order and find them unavailing.

Cardona, P.J., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the orders are affirmed, without costs.