■ In the Matter of AALIYAH B., a Child Alleged to be Sexually Abused and/or Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CLARENCE B., Appellant, et al., Respondent. [892 NYS2d 242]—

Cardona, P.J.

* Indeed, the mother acknowledged that her stepmother could at any time and for any reason require her to leave.

Petitioner commenced this proceeding in February 2008 alleging that respondent Clarence B. (hereinafter the father) had sexually abused and neglected his daughter (born in 2000). Following a fact-finding hearing, Family Court found the child to be sexually abused and neglected by the father. Thereafter, the court issued a dispositional order and discharged the child to the custody of respondent Elaine C. (hereinafter the mother).* The father appeals.

The father contends that the proof was insufficient to establish by a preponderance of the evidence that he sexually abused and/or neglected the child. Specifically, he challenges the out-of-court statements of the child—which allege that he touched the child's genital area and had her perform fellatio on him—as uncorroborated and claims that the mother's testimony was not credible. We disagree. Corroboration of a child's out-of-court statements regarding incidents of sexual abuse or neglect "can be gleaned from any evidence tending to support the reliability of the statements" (*Matter of Jessica Y.*, 206 AD2d 598, 600 [1994]). Furthermore, Family Court is vested with considerable discretion in determining whether such statements have been reliably corroborated and whether the record supports a finding of abuse and/or neglect (*see Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *Matter of Caitlyn U.*, 46 AD3d 1144, 1145-1146 [2007]).

Here, the child's allegations of the sexual abuse were sufficiently corroborated by her sworn in camera testimony detailing certain incidents of when, where and how the sexual abuse occurred (*see Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]). The child was questioned and cross-examined, and Family Court was able to observe the child's demeanor to assess the reliability of the child's prior hearsay statements. In addition, the testimony from the caseworkers regarding their interviews with the child, the mother and the father corroborated the child's out-of-court statements. Specifically, the mother stated that, shortly before the child's allegations of the sexually abusive conduct, the father informed her that it was a traditional custom in his cultural heritage for a father to take his daughter's virginity. The mother also relayed that she witnessed the father have the child touch his scrotum. Furthermore, the mother recounted two separate occasions when the child slept with her parents— one, the mother suspected the father of having sex with the child and, the other, the child woke in the morning wearing no underwear. Moreover, when the mother confronted the father

---

* The neglect petition was also filed against the mother, however, it was settled during the fact-finding hearing and she is not a party to this appeal.

about the child's allegations of abuse, the father, although initially denying the allegations, ultimately admitted to such conduct. In view of the foregoing, we find no abuse of discretion in Family Court's conclusion that the child's out-of-court statements were sufficiently corroborated. Therefore, Family Court's finding that the father sexually abused and neglected the child was amply supported by the record and, given the strong inference Family Court drew against the father in light of his failure to testify (*see Matter of Ian H.*, 42 AD3d 701, 703 [2007], *lv denied* 9 NY3d 814 [2007]), and according deference to the court's resolutions of credibility (*see Matter of Brandi U.*, 47 AD3d 1103, 1104 [2008]), we find no basis to disturb its finding.

We have reviewed the father's remaining contention that permitting the child to testify in camera deprived him of his due process right of confrontation and find it to be unpersuasive.

Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.