■ In the Matter of NIKITA W. and Others, Children Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL W., Appellant. [910 NYS2d 202]—

Egan Jr., J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered December 29, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Petitioner commenced this proceeding against respondent alleging neglect and derivative neglect of his two daughters (born in 1998 and 1999). In June 2008, a 10-year-old girl (hereinafter the child) was a sleepover guest in respondent's home. All of the children slept in the same bedroom, with the child and older daughter sharing a bed. Respondent is alleged to have entered the bedroom while the children slept, untied the child's halter top, fondled her breasts and attempted to put his hands down her pants. After a fact-finding hearing, which included, among

other testimony, the child's own in-court testimony, as well as the testimony of the child's school counselor, an investigator with petitioner and its validation expert, Rebecca Arp—all of whom articulated the out-of-court statements made by the child regarding the alleged abuse—Family Court granted the petition. Respondent now appeals contending that Family Court erred in admitting Arp's testimony to corroborate the out-of-court statements made by the child.

Family Ct Act § 1046 (a) (vi) provides that a child's unsworn out-of-court statements relating to abuse or neglect may be introduced into evidence and will support such a finding, if sufficiently corroborated (*see Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]). "[A] relatively low degree of corroborative evidence is sufficient in abuse proceedings" (*Matter of Caitlyn U.*, 46 AD3d 1144, 1146 [2007] [internal quotation marks and citation omitted]), and corroboration may be satisfied by any evidence tending to support the statement's reliability (*see Matter of Lindsey BB. [Ruth BB.]*, 70 AD3d 1205, 1206-1207 [2010]; *Matter of Aaliyah B. [Clarence B.]*, 68 AD3d 1483, 1484 [2009]). However, the mere repetition of the out-of-court statement will not provide the requisite corroboration (*see Matter of Telsa Z. [Rickey Z.—Denise Z.]*, 71 AD3d 1246, 1249 [2010]). Sufficient corroborative evidence has been held to include the testimony of an expert, when that testimony does more than vouch for the credibility of the child (*see Matter of Thomas N.*, 229 AD2d 666, 668 [1996]; *Matter of Kelly F.*, 206 AD2d 227, 229 [1994]). For example, statements are sufficiently corroborated when the expert opines that the child's behavior is consistent with having been abused or that the child's statements parallel those normally made by abuse victims (*see Matter of Rebecca KK.*, 61 AD3d 1035, 1036 [2009]; *cf. Matter of Jared XX.*, 276 AD2d 980, 982 [2000]).

Here, we are unpersuaded that Family Court erred in admitting the testimony of petitioner's validation expert. Based on, among other things, the child's spontaneous, coherent, logical, detailed and contextually embedded accounting of the incident, Arp, through her application of the Yuille Step Wise Protocol for interviewing alleged victims of sexual abuse, concluded that the statements of abuse made by the child during the interview were "consistent with accounts of known sexual abuse victims." At the fact-finding hearing, Arp testified, among other things, that the child's detailed descriptions of what she was wearing, body positioning, conversations that were had, games that were played, how respondent allegedly touched her, together with the child's use of gestures to describe the incident, were indicative

that the child actually experienced what she described. Arp further testified that the child's accounting, wherein she described feigning sleep during the incident, is a "typical dynamic" seen in sexual abuse victims who are scared or trying to pretend that the incident is not happening. To the extent that Arp referred to the child's "credibility," she explained that that term was "loosely used," and that her analysis does not involve a credibility determination, but rather a determination as to whether certain elements found in accounts of known sexual abuse victims are also present in the alleged victim's account. In these circumstances, and noting that Family Court is "vested with considerable discretion" in making such a determination (*Matter of Aaliyah B. [Clarence B.]*, 68 AD3d at 1484), we find that there is adequate evidence to support both the decision to admit and credit Arp's validation testimony (*see Matter of Zachary Y.*, 287 AD2d 811, 814 [2001]; *Matter of Katje YY.*, 233 AD2d 695, 696 [1996]; *compare Matter of Kelly F.*, 206 AD2d at 229).* Finally, respondent's remaining assertions, including his challenges to Arp's purported departure from the Yuille protocol, went to the weight to be afforded her opinion, and we find no basis in the record to disturb Family Court's determination (*see Matter of Daniel R. v Noel R.*, 195 AD2d 704, 707 [1993]; *compare Matter of Jared XX.*, 276 AD2d at 982).

Mercure, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

---

* We note that, even without Arp's testimony, the child's sworn testimony at the hearing was sufficient to corroborate her unsworn out-of-court statements describing the abuse (*see Matter of Brandi U.*, 47 AD3d 1103, 1104 [2008]).