■ In the Matter of DAPHNE OO., Respondent, v FREDERICK QQ., Appellant, and KRISTIAN PP., Respondent. (And Another Related Proceeding.) [931 NYS2d 751]—

Lahtinen, J. 

Respondent Frederick QQ. (hereinafter the father) and respondent Kristian PP. (hereinafter the mother) are the biological parents of a daughter (born in 2004). Petitioner (hereinafter the grandmother) is the child's maternal grandmother. The child has been the subject of numerous custody proceedings. Briefly, the child resided with the grandmother from birth through 2008. In July 2007, an order was entered giving the mother custody so long as she continued to reside with the grandmother (*Matter of Sanders v Slater*, 53 AD3d 716 [2008]). In January 2009, Family Court transferred custody to the father after finding that the mother had become unfit due to, among other things, mental health issues. The current custody proceeding was commenced by the grandmother about a month later. Following fact-finding and *Lincoln* hearings, Family Court found extraordinary circumstances justifying an award of custody to a nonparent and that it was in the child's best interests to be in the grandmother's custody. The father appeals and we affirm.

A nonparent seeking custody of a child has the burden of establishing extraordinary circumstances and, if established, then custody is determined based upon the child's best interests (*see Matter of Melody J. v Clinton County Dept. of Social Servs.*, 72 AD3d 1359, 1360 [2010], *lv denied* 15 NY3d 703 [2010]; *Matter of Bevins v Witherbee*, 20 AD3d 718, 719 [2005]). Here, an expert in the field of sexual abuse of children, who met with the child four times and also interviewed various family members, testified that the child informed her of several instances when the father inappropriately touched her by rubbing his fingers on her vagina. He also reportedly told the child not to tell anyone about such touching or he would go to jail. The expert, as well as other witnesses, related physical activities by the young child that the expert explained were consistent with the child having been subjected to sexual abuse and this constituted ample evidence corroborating the child's statements (*see Matter of Kimberly CC. v Gerry CC.*, 86 AD3d 728, 730 [2011]; *Matter of Nikita W. [Michael W.]*, 77 AD3d 1209, 1210 [2010]). While the father denied the sexual contact, this created a credibility issue that Family Court resolved against the father. According deference to Family Court's credibility determination (*see Matter of Gardner v Gardner*, 69 AD3d 1243, 1246 [2010]), the father's

conduct toward the child established the requisite extraordinary circumstances (*see Matter of Loren B. v Heather A.*, 13 AD3d 998, 1001 [2004], *lv denied* 4 NY3d 710 [2005]).

Although the father's sexual conduct toward the child supports a finding that it would not be in her best interest to be in his custody, additional evidence also supports placing custody with the grandmother. The child had lived with the grandmother from her birth until mid-2008. The grandmother has a stable home where the child has her own room, and she has held a job with the same employer for 12 years. The father quit his job in anger over not being permitted to play his radio and under a cloud of suspicion for theft. When the child was in his care, her clothes were often dirty and she was not clean, even resulting in school officials on one occasion demanding that he change her clothes and clean her because she smelled of urine. There was evidence that, while in the father's care, the child spent an inordinate amount of time with his mother, who had a long history of numerous indicated reports regarding her care of children. The record amply supports Family Court's determination that it is in the best interests of the child to be in the grandmother's custody (*see Matter of Lori MM. v Amanda NN.*, 75 AD3d 774, 776 [2010]).

Spain, J.P., Rose, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.