*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 30, 2015        517427
_____

In the Matter of DESTINY C. and
   Others, Alleged to be Abused
   and Severely Abused Children.

COLUMBIA COUNTY DEPARTMENT OF
   SOCIAL SERVICES,                      MEMORANDUM AND ORDER
                 Respondent;

GOLIATH C. et al.,
                 Appellants.
_____

Calendar Date: March 25, 2015

Before: Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

_____

     Alexander W. Bloomstein, Hillsdale, for Goliath C.,
appellant.

     Robert W. Linville, Public Defender, Hudson (Jessica D.
Howser of counsel), for Jeanine C., appellant.

     William J. Better, P.C., Kinderhook (N. Daniel Reeder of
counsel), for respondent.

     Karen Kimball, Wynantskill, attorney for the children.

_____

McCarthy, J.

     Appeal from an order of the Family Court of Columbia County
(Koweek, J.), entered August 8, 2013, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article 10
and Social Services Law § 384-b, to adjudicate respondents'
children to be abused, severely abused, derivatively abused

and/or derivatively severely abused, and terminated respondents' parental rights.

Respondent Goliath C. (hereinafter the father) and respondent Jeanine C. (hereinafter the mother) are the biological parents of a boy born in 2002 (hereinafter the older boy), a boy born in 2004 (hereinafter the middle boy), a girl born in 2006 (hereinafter the older girl), a girl born in 2010 (hereinafter the baby girl) and a boy born in 2013 (hereinafter the baby boy). Petitioner commenced the instant Family Ct Act article 10 proceeding, alleging that the father and the mother had each engaged in sexual conduct with the older boy, the middle boy and the older girl (hereinafter collectively referred to as the elder children) so as to abuse and severely abuse the elder children and so as to derivatively abuse and severely abuse the baby girl and the baby boy. After a fact-finding hearing, Family Court determined that the mother abused and severely abused each of the elder children and derivatively abused and derivatively severely abused the baby boy and baby girl, and that the father abused and severely abused each of the elder children and derivatively abused and derivatively severely abused the baby boy and baby girl. After a dispositional hearing, the court ordered the parents' respective parental rights terminated and freed each of the children for adoption. Respondents appeal.

The record supports Family Court's determinations that the father abused and severely abused each of the elder children and that the mother abused and severely abused the older girl. The bulk of the evidence concerning the father's and the mother's sexual abuse was in the form of out-of-court statements made by the elder children, and such evidence is subject to a corroboration requirement (see Matter of Nicole V., 71 NY2d 112, 116 [1987]; Matter of Lindsey BB. [Ruth BB.], 70 AD3d 1205, 1206 [2010]). Such corroboration of a child's out-of-court report of abuse is satisfied by "[a]ny other evidence tending to support the reliability of the [report]" (Family Ct Act § 1046 [a] [vi]; see Matter of Lindsey BB. [Ruth BB.], 70 AD3d at 1206). In other words, "a relatively low degree of corroborative evidence is sufficient" to satisfy this requirement (Matter of Joshua QQ., 290 AD2d 842, 843 [2002]; accord Matter of Rebecca KK., 61 AD3d 1035, 1036, [2009]). As is particularly relevant here, evidence

that corroborates the out-of-court abuse report of one child may take the form of proof of abuse of another child (see Family Ct Act § 1046 [a] [i], [vi]; Matter of Nicole V., 71 NY2d at 124).

Specifically as to the older girl, corroborative evidence included expert testimony that her disclosures and her advanced sexual knowledge were consistent with those of a child victim of sexual abuse. In addition, Family Court was presented with an expert opinion that the scarring inside of the older girl's vagina and the size of the opening of her rectum were both consistent with those findings expected for a child who had been sexually abused. This expert evidence, on its own, provided sufficient corroboration for the older girl's reports (see Matter of Rebecca KK., 61 AD3d at 1036).

Otherwise, the elder children each made specific sexual abuse allegations that were cross-corroborated. The older boy's account that he had observed the father having sexual intercourse with the older girl specifically corroborated the older girl's account that such intercourse had taken place. The middle boy's statement that the father put his tongue inside the older girl corroborated the older girl's statement that the father put his mouth on her private parts. Further, all three of the children volunteered that they were recorded by camera during the sexual abuse. More specifically, the older boy and the middle boy independently described that the father, among others, used a red camera to make such recordings. Both the older boy and the middle boy separately volunteered that the father had kept films of the abuse in a safe, but that the films were no longer in that safe. In addition, both the older boy and the middle boy stated that, at least on some occasions, the mother was present and watching when the children were directed to have sexual intercourse with one another. These details provided sufficient corroboration for the elder children's reports of sexual abuse (see Matter of Nicole V., 71 NY2d at 124; Matter of Ian H., 42 AD3d 701, 703 [2007], lv denied 9 NY3d 814 [2007]).

Thus corroborated, the elder children's reports established that the father's actions against the older girl amounted to, at a minimum, incest in the first degree (see Penal Law § 255.27), rape in the first degree (see Penal Law § 130.35 [3]), criminal

sexual act in the first degree (see Penal Law § 130.50 [3]) and aggravated sexual abuse in the first degree (see Penal Law § 130.70 [1] [c]).  The same reports were sufficient to establish that the father's actions against the older boy amounted to aggravated sexual abuse in the first degree (see Penal Law § 130.70 [1] [c]).  In addition, the reports established that, as against the middle boy, the father committed incest in the first degree (see Penal Law § 255.27), rape in the first degree (see Penal Law § 130.35 [3]) and aggravated sexual abuse in the first degree (see Penal Law § 130.70 [1] [c]).

The commission of any of the aforementioned felony sex offenses necessitates a finding that the father had severely abused the child against whom he had committed the act (see Social Services Law § 384-b [8] [a] [ii]).  According appropriate deference to Family Court's credibility determinations – including its determination to discount the older boy's subsequent recantation – the record amply supports its finding that there was clear and convincing evidence that the father directly abused and severely abused the elder children (see Matter of Kimberly Z. [Jason Z.], 88 AD3d 1181, 1183 [2011]; Matter of Rebecca KK., 61 AD3d at 1036-1037).

However, in regard to the mother, the record does not support the conclusion that she directly severely abused the older boy and the middle boy.  Although there was no evidence that the mother had physical sexual contact with any of the children, the older boy reported that the mother was present during some unspecified sexual abuse and that she had, on occasion, encouraged the children to obey their father's directives as to such abuse.  The older boy also stated that, on at least one occasion, the mother was one of the individuals who directed the elder children to engage in sexual intercourse with one another.  The middle boy reported that the mother took pictures of the elder children having sexual intercourse with one another and that she was present and watching while the father put his tongue inside the older girl.

To support a finding of severe abuse, the proof had to establish that the mother "knowingly allowed to be committed" any one of the felony sex offenses listed in Social Services Law §

384-b (8) (a) (ii). Although the reports would support a finding that the mother used each of the elder children in a sexual performance (see Penal Law § 263.05), that felony sex offense is not a predicate for a finding of severe abuse (see Social Services Law § 384-b [8] [a] [ii]; see generally Family Ct Act § 1012 [e] [iii]) and the sexual abuse against the older boy and the middle boy in which the mother participated does not meet the definition of any of the felony sex offenses listed in Social Services Law § 384-b (8) (a) (ii). However, as to the older girl, the middle boy's reports of sexual abuse, which, as previously mentioned, were sufficiently corroborated, included the assertion that the mother observed the father engaging in oral sexual conduct with the older girl. Therefore, the record supports the finding that the mother directly severely abused the older girl by knowingly allowing the father to commit a criminal sexual act in the first degree against the older girl (see Social Services Law § 384-b [8] [a] [ii]; Penal Law § 130.50 [3]).

Further, we see no reason to disturb Family Court's findings that both parents derivatively severely abused the baby boy and the baby girl, and we find ample support in the record to conclude that the mother derivatively severely abused the older boy and the middle boy. The mother's knowing allowance of the father's commission of criminal sexual act in the first degree and the father's commission of numerous of the felony sex offenses described in Social Services Law § 384-b (8) (a) (ii) "demonstrate[] such . . . impaired level[s] of parental judgment as to create a substantial risk of harm for any child in [their respective] care" (Matter of Ramsey H. [Benjamin K.], 99 AD3d 1040, 1042 [2012], lv denied 20 NY3d 858 [2013] [internal quotation marks and citations omitted]; accord Matter of Branden P. [Corey P.], 90 AD3d 1186, 1189 [2011]; see Matter of Ilonni I. [Benjamin K.], 119 AD3d 997, 997-998 [2014], lv denied 24 NY3d 914 [2015]). Given this conclusion that each parent directly or derivatively severely abused each of the children, the court did not err in terminating the mother's and the father's parental rights as to each child.

Finally, neither the father nor the mother was deprived of the effective assistance of counsel due to his or her respective counsel's failure to call expert witnesses. Neither of them

identifies relevant experts who would have been willing to testify in a manner helpful to either of their cases. Further, neither the father nor the mother specifically alleges that his or her respective counsel failed to investigate whether such expert witnesses existed. Given that neither of them even offers allegations that, if credited, would establish that the failure to call an expert witness fell outside of the realm of legitimate trial strategy, their arguments in this regard are without merit (see Matter of Fay GG. [John GG.], 97 AD3d 918, 921 [2012]; Matter of James P., 17 AD3d 733, 735, [2005]; Matter of Jonathan LL., 294 AD2d 752, 753 [2002]).

Respondents' remaining contentions, to the extent not addressed herein, are without merit.

Lahtinen, J.P., Garry and Lynch, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as found that respondent Jeanine C. severely abused Dakota C. and Damion C.; said respondent is found to have derivatively severely abused said children; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court