*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 7, 2016                    520416
_____

In the Matter of ANTOINETTE LL.
    and Others, Alleged to be
    Severely Abused Children.

ALBANY COUNTY DEPARTMENT FOR
    CHILDREN, YOUTH AND                    MEMORANDUM AND ORDER
    FAMILIES,
                    Respondent;

RALPH MM.,
                    Appellant.
_____

Calendar Date:  November 16, 2015

Before:  McCarthy, J.P., Egan Jr., Rose, Lynch and Clark, JJ.

                    _____

        Mitch Kessler, Cohoes, for appellant.

        Carly M. Mousseau, Albany County Department for Children,
Youth and Families, Albany, for respondent.

        Carol R. Stiglmeier, Albany, attorney for the children.

                    _____

McCarthy, J.P.

        Appeal from an order of the Family Court of Albany County
(M. Walsh, J.), entered December 1, 2014, which granted
petitioner's application, in a proceeding pursuant to Social
Services Law § 384-b, to adjudicate respondent's children to be
severely abused, and terminated respondent's parental rights.

In a previous proceeding, respondent, the father of Ralph LL. (born 2002), Ray LL. (born 2006) and Antoinette LL. (born 2011), was found to have, among other things, abused and/or seriously abused the subject children (Matter of Aleria KK. [Ralph MM.], 127 AD3d 1525, 1525-1527 [2015], lv denied 25 NY3d 1193 [2015]). Such findings were supported by evidence consisting of "corroborated allegations of horrendous, repeated acts of sexual and physical abuse perpetrated by respondent against his children" (id. at 1527). In February 2014, petitioner commenced the instant proceeding, pursuant to Social Services Law § 384-b, to, among other things, terminate respondent's parental rights of the subject children. Thereafter, Family Court granted petitioner's motion for summary judgment adjudicating the children to be severely abused pursuant to Social Services Law § 384-b (8) (a) (ii). As a result, Family Court held a dispositional hearing and, thereafter, issued an order terminating respondent's parental rights. Respondent now appeals.

Respondent's sole contention, that the best interests of the children do not support terminating his parental rights, is without merit. Competent evidence introduced at the dispositional hearing established that Ray LL. and Antoinette LL. were both thriving in foster homes with foster parents who wished to adopt those children if the opportunity arose in the future. It was further established that Ralph LL. was currently residing in an inpatient psychiatric ward. Ralph LL.'s therapist testified that Ralph LL. had indicated to her that respondent had forced him to perform oral sex on respondent and that respondent had anally raped him. According to that therapist, Ralph LL. had explained to her his belief that he and the remainder of his family would be safe because respondent would remain incarcerated for the rest of his life.[1] Considering this evidence, we find a sound and substantial basis for the conclusion that the best

_____

[1] The therapist testified further regarding the lengths that she and other staff members took to create a therapeutically safe environment to inform Ralph LL. that the premise of his belief was incorrect and that respondent was no longer incarcerated.

interests of the children supported terminating respondent's parental rights (see Matter of Bradly A. [Lawrence A.], 97 AD3d 931, 932 [2012], lv denied 19 NY3d 814 [2012]; Matter of Dakota Y. [Robert Y.], 97 AD3d 858, 860-861 [2012], lv denied 20 NY3d 852 [2012]).

Egan Jr., Rose, Lynch and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court