*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 31, 2016                521103
_____

In the Matter of HADLEY C. and
    Another, Alleged to be
    Neglected Children.

SARATOGA COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                      MEMORANDUM AND ORDER
                    Respondent;

DAVID C.,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  February 8, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

        Richard F. Devall, Saratoga Springs, for appellant.

        Stephen M. Dorsey, County Attorney, Ballston Spa (Michael
J. Hartnett of counsel), for respondent.

        John J. LaBoda Jr., Saratoga Springs, attorney for the
children.

_____

Rose, J.

        Appeals from two orders of the Family Court of Saratoga
County (Hall, J.), entered December 18, 2014, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 10, to adjudicate respondent's
children to be neglected.

Respondent is the father of two children (born in 2001 and 2007). At all times relevant to the issues presented on appeal, respondent resided with the children's mother and the younger child in Saratoga County, while the older child resided in California with her paternal grandparents. Following a New York State Police investigation of a report that respondent had repeatedly engaged in inappropriate sexual contact with both children, petitioner filed two petitions, one alleging abuse and the other alleging neglect. After fact-finding and dispositional hearings, Family Court issued two orders which, among other things, dismissed the abuse petition, granted the neglect petition, adjudicated the younger child to be neglected and the older child to be derivatively neglected, and restricted respondent's contact with the children to supervised phone calls. Respondent appeals from both orders.

As the parties correctly point out, Family Court's jurisdiction in abuse and neglect proceedings is governed by the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-A [hereinafter UCCJEA]; Domestic Relations Law § 75-a [4]; Matter of Kali-Ann E., 27 AD3d 796, 797 [2006], lv denied 7 NY3d 704 [2006]). Inasmuch as it is undisputed that the older child had been living in California with her paternal grandparents for over a year at the time these proceedings were commenced, New York is not her home state under the UCCJEA (see Domestic Relations Law § 75-a [7]; Matter of Destiny EE. [Karen FF.], 90 AD3d 1437, 1440 [2011], lv dismissed 19 NY3d 856 [2012]). Thus, Family Court's finding that the older child was derivatively neglected must be reversed, as the court lacked jurisdiction to make such a determination (see Matter of Bridget Y. [Kenneth M.Y.], 92 AD3d 77, 86 [2011], appeal dismissed 19 NY3d 845 [2012]).

Turning to the merits, petitioner met its burden of proving by a preponderance of the evidence that the younger child was neglected (see Family Ct Act § 1046 [b] [i]). As relevant here, a child is neglected when his or her "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by

unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, . . . or by any other acts of a . . . serious nature requiring the aid of the court" (Family Ct Act § 1012 [f] [i] [B]).

Petitioner presented the testimony of a State Police investigator who testified that the younger child told him that, on multiple occasions, respondent "touched her vaginal area with his hand, put his finger in her vaginal area" and touched her vaginal area with his clothed penis.  The younger child also told the investigator that "[s]he was scared [and] didn't like the contact, but she didn't say anything to anybody . . . [because she felt] that her mom wouldn't believe her."

Petitioner also presented the expert testimony of a psychologist who performed a sex abuse evaluation on the younger child.  Consistent with the younger child's statements to the investigator, the psychologist testified that the child told her that respondent "touched her in her private area with his hand [and] his private part" on a number of occasions.  The psychologist also testified that she confirmed with the younger child that respondent had digitally penetrated her.  She did so by making a fist with an opening on one side to represent a vagina and then asking the child where respondent had touched her.  In response, the child placed her finger inside the opening of the psychologist's fist.  Based upon the younger child's detailed description of respondent's conduct, among other factors, the psychologist opined that, according to the Yuille Step Wise Protocol for interviewing alleged victims of sexual abuse, the child's account "was consistent with the accounts of known sexual abuse victims."

Respondent argues that petitioner offered no proof that he touched the younger child for the purpose of his own sexual gratification or – given that the touching was alleged to have occurred at night in respondent's bed – that he was even awake when it happened.  Neither of those considerations, however, are relevant to a determination of whether his conduct placed the younger child in imminent danger of physical or psychological harm.  Respondent further argues that the psychologist's opinion was based exclusively upon the younger child's statements

relative to the accounts of known sex abuse victims rather than neglect victims.  Because of this, he claims her opinion was not relevant to the neglect petition, but only to the abuse petition that Family Court dismissed.  However, regardless of whether the petition alleges abuse or neglect, expert testimony "that the child's statements parallel those normally made by abuse victims" is sufficient to corroborate a child's unsworn statements (Matter of Nikita W. [Michael W.], 77 AD3d 1209, 1210 [2010]; see Matter of Rawich v Amanda K., 90 AD3d 1085, 1087 [2011]).  Indeed, the statutory definitions of both terms make clear that abuse is, effectively, a subset of the more broadly defined concept of neglect (compare Family Ct Act § 1012 [e], with Family Ct Act § 1012 [f] [i] [B]).  Accordingly, we agree with Family Court that the psychologist's opinion sufficiently corroborated the younger child's out-of-court statements made to the investigator regarding respondent's sexual contact with her (see Family Ct Act § 1046 [a] [vi]; Matter of Destiny C. [Goliath C.], 127 AD3d 1510, 1511 [2015], lvs denied 25 NY3d 911 [2015]; Matter of Rebecca KK., 61 AD3d 1035, 1036-1037 [2009]).

While respondent did not testify at the fact-finding hearing and Family Court declined to draw a negative inference against him, the court ultimately credited the testimony of petitioner's witnesses as probative of the truthfulness of the younger child's account.  According deference to the court's credibility determinations, we agree that the evidence amply supports the finding that respondent neglected the younger child (see Matter of Nikita W. [Michael W.], 77 AD3d at 1210-1211; cf. Matter of Daphne OO. v Frederick QQ., 88 AD3d 1167, 1168 [2011]).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the orders are modified, on the law, without costs, by reversing so much thereof as adjudicated Hadley C. to be a neglected child, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court