In the Matter of MILANI X., Alleged to be a Neglected Child. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KATIE Y., Appellant. [51 NYS3d 675]—

Devine, J. Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered June 15, 2016, which, in a proceeding pursuant to Family Ct Act article 10, denied respondent's motion to dismiss the petition.

Respondent is a resident of New York and, in May 2016, gave birth to a daughter at a hospital in Pennsylvania. Allegations emerged that respondent had used drugs during the pregnancy and that the child was experiencing withdrawal following her birth, prompting petitioner to commence the present neglect proceeding while the child was still hospitalized. Respondent moved to dismiss the proceeding upon, among other things, the ground that Family Court lacked subject matter jurisdiction to adjudicate a child who had never lived in New York to be neglected. Family Court denied the motion and respondent now appeals.

We affirm. Family Court is granted "original jurisdiction over [neglect] proceedings" (Family Ct Act § 1013 [a]; see NY Const, art VI, § 13 [b]), and its subject matter jurisdiction does not depend upon the situs of the neglect (see Matter of Westchester County Dept. of Social Servs., 211 AD2d 235, 238 [1995]). Subject matter jurisdiction does, however, depend upon satisfying the standards put in place by the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-A [hereinafter UCCJEA]; see also Matter of Hadley C. [David C.], 137 AD3d 1524, 1524 [2016]; Matter of Destiny EE. [Karen FF.], 90 AD3d 1437, 1439 [2011], lv dismissed 19 NY3d 856 [2012]). Several bases exist for the

exercise of subject matter jurisdiction in a new neglect proceeding, the first being that New York is "the home state of the child on the date of the commencement of the proceeding" (Domestic Relations Law § 76 [1] [a]).* The home state of a child less than six months old, such as the child here, is "the state in which the child lived from birth with" a parent or person acting as a parent (Domestic Relations Law § 75-a [7]).

Turning to the facts of this case, respondent and the child's father resided in Sullivan County and intended to relocate to New York City after the child's birth. Respondent gave birth in a Pennsylvania hospital, however, and the child was still hospitalized when this proceeding was commenced. The fact that the child was hospitalized in another state has little relevance in determining where she lived, as "persons removing to hospitals or other institutions for treatment" do not "gain or lose a residence simply because they are away from home" (*Matter of Seitelman v Lavine*, 36 NY2d 165, 171 [1975]). Moreover, inasmuch as the hospital had only treated the child for a few weeks and was not "awarded legal custody [of her] by a court," the hospital cannot be considered a person acting as a parent within the meaning of Domestic Relations Law § 75-a (7) (Domestic Relations Law § 75-a [13]). Accordingly, having been born into the sort of "temporary absence" that plays no role in identifying her home state (Domestic Relations Law § 75-a [7]), and not having had the opportunity to live with respondent, her father or another person acting as a parent, the child had no home state under UCCJEA (*see Matter of Consford v Consford*, 271 AD2d 106, 111 [2000]; *see also Matter of D.S.*, 217 Ill 2d 306, 319, 840 NE2d 1216, 1223 [2005]; *State ex rel. R.P. v Rosen*, 966 SW2d 292, 300 [Mo Ct App 1998]).

Where a child lacks a home state at the time a neglect proceeding is commenced, an alternate basis for subject matter jurisdiction under UCCJEA exists where "(i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and (ii) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76 [1] [b]). Respondent and the child's father, as

* Domestic Relations Law § 76 (1) (a) grants subject matter jurisdiction where New York is the child's home state "on the date of the commencement of the proceeding" and, contrary to the contention of petitioner and the attorney for the child, the post-commencement placement of the child with a relative in New York did not retroactively vest Family Court with subject matter jurisdiction.

noted above, have significant connections to New York. Moreover, while the child was hospitalized in Pennsylvania after her birth, child protective officials in New York became involved with her, and evidence regarding her parents' ability to care for her and her relationship with other relatives is in New York. New York therefore has the types of contacts with the child and her family that permit the exercise of jurisdiction in this proceeding and, as a result, Family Court properly denied respondent's motion to dismiss it (*see Matter of Chloe W. [Amy W.]*, 137 AD3d 1684, 1684-1685 [2016]; *Matter of Destiny EE. [Karen FF.]*, 90 AD3d at 1441-1442; *People ex rel. Rosenberg v Rosenberg*, 160 AD2d 327, 328-329 [1990]).

Respondent's remaining contentions have been examined and found to be lacking in merit.

Peters, P.J., Lynch, Rose and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.