Matter of Makayla I. (Caleb K.) (2018 NY Slip Op 04047)





Matter of Makayla I. (Caleb K.)


2018 NY Slip Op 04047


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

523798

[*1]In the Matter of MAKAYLA I. and Others, Alleged to be Abused and/or Neglected Children. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CALEB K., Appellant. (Proceeding No. 1.)
In the Matter of MAKAYLA I. and Others, Alleged to be Abused and/or Neglected Children. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HAROLD J., Appellant. (Proceeding No. 2.) (And Other Related Proceedings.)

Calendar Date: May 1, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


William V. O'Leary, Albany, for Caleb K., appellant.
Matthew C. Hug, Albany, for Harold J., appellant.
Christopher H. Gardner, County Attorney, Schenectady (Alexis M. Osborne of counsel), for respondent.
Alexandra J. Buckley, Clifton Park, for Edward I.
Patricia L.M. Countryman, Schenectady, attorney for the children.


Pritzker, J.

MEMORANDUM AND ORDER
Appeals (1) from an order of the Family Court of Schenectady County (Powers, J.), entered August 19, 2016, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and/or neglected, and (2) from three orders of protection entered thereon.
Respondent Caleb K. is the father of Annabella J. (born 2009) and Caleb J. (born 2012), and the stepfather of Makayla I. (born 2004). Respondent Harold J. is Caleb K.'s father, and is the biological grandfather of Annabella J. and Caleb J. and the stepgrandfather of Makayla I. In December 2013, petitioner commenced this Family Ct Act article 10 proceeding against Caleb K., alleging that he allowed Harold J. to sexually abuse Makayla and derivatively abused the other two children. Petitioner thereafter commenced a Family Ct Act article 10 proceeding against Harold J., alleging that he sexually abused Makayla and derivatively abused the other two children. After a fact-finding hearing, Family Court, in one order, held that Makayla was abused by Harold J. and Caleb K., Annabella was abused by Caleb K. and derivatively abused by Harold J., and Caleb J. was derivatively abused by both respondents. Following a dispositional hearing, the court issued three orders of protection barring Harold J. from having any contact with the children until their eighteenth birthdays. Harold J. appeals the fact-finding order and the orders of protection. Caleb K. appeals the fact-finding order only.
To establish sexual abuse in a Family Ct Act article 10 proceeding, the petitioner is required to prove by a preponderance of the evidence that the respondent committed or allowed another to commit acts constituting crimes under Penal Law article 130 (see Family Ct Act §§ 1012 [e] [iii] [A]; 1046 [b] [i]; Matter of Brooke KK. [Paul KK.], 69 AD3d 1059, 1060 [2010]). To that end, "Family Court's findings and credibility determinations are accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Jade F. [Ashley H.], 149 AD3d 1180, 1182 [2017] [internal quotation marks and citation omitted]; see Matter of Penny Y. [Roxanne Z.], 129 AD3d 1117, 1118 [2015]).
Here, petitioner's proof included witnesses to whom both Makayla and Annabella made unsworn statements. First, Joanna Johnson, a senior caseworker for petitioner, testified that during a November 2013 interview with Makayla, Makayla indicated that she had a secret she could not talk about because respondents would have to go to jail if she told anyone. She eventually indicated, however, through several drawings, that she had sexual intercourse with Harold J. and that this was her secret. Johnson testified that she asked Makayla if she knew what sex was, and Makayla not only demonstrated by moving a marker back and forth through her closed fingers, but also indicated that this is "what happened with the penis and vagina when her and [Harold J.] had sex." Makayla also described Harold J. as her "boyfriend," and explained that boyfriends and girlfriends take part in activities that Harold J. told her not to talk about — she then wrote down the word "sex." Johnson also testified regarding the details of the abuse as explained to her by Makayla. Specifically, Makayla relayed one incident when Caleb K. walked in on Harold J. abusing Makayla, yelled at Harold J. and "spanked" Makayla as punishment for the incident. Makayla referred to this incident as a "secret with daddy."
Johnson further testified that she interviewed Annabella in April 2014 after receiving a report that Caleb K. had inserted his finger in her vagina. According to Johnson, Annabella's foster mother reported Annabella "touch[ing] herself in a masturbating fashion" on numerous occasions. Thereafter, during an interview with Annabella in April 2014, Annabella freely revealed that Caleb K. had put his finger in her vagina once when she was four years old.
Julie Bailey, an expert in sex abuse treatment and a sex abuse therapist, also testified, and her evaluations of Makayla and Annabella were submitted into evidence. With respect to Makayla, Bailey's evaluation concluded that Makayla consistently — "over time and to multiple people" — described "genital to genital contact" with Harold J. and referred to this contact as "sex." Bailey opined that Makayla's level of sexual knowledge was beyond that expected for a child of her age. Bailey ultimately concluded that Makayla's account of abuse satisfied several criteria that were outlined in Bailey's report and was, therefore, reliable. Moreover, Bailey determined that Makayla presented in a manner consistent with children who are known to have been sexually abused.
Bailey also testified about Annabella. The record reveals that Annabella's account of the sexual abuse by Caleb K. to Bailey was consistent with her disclosure to Johnson. In Bailey's evaluation of Annabella, Bailey concluded that, despite being unable to complete a reliability assessment due to her young age, Annabella's presentation and behaviors were consistent with that of young children who were victims of sexual abuse.
Leslie Ann Ellis, a clinical case manager who worked with Makayla in 2013, also testified that, while driving her to an appointment one day, Makayla indicated that she had a secret with one of her family members that she could not tell because it would result in that person going to jail. Later, Makayla told Ellis that she had promised Caleb K. that she would help him by keeping a secret regarding Harold J. Makayla then stated that "she was going to be eight years pregnant," which Ellis found troubling because she did not think a child of Makayla's age would "have that type of sex education about how one gets pregnant." Subsequently, in a May 2013 session, Ellis heard Makayla "making moaning, groaning sounds and sounds that sounded . . . like kissing."
Given this proof, we find that there is a sound and substantial basis in the record for concluding that Caleb K. and Harold J. sexually abused Annabella and Makayla, respectively, and that Caleb K. knew about Harold J.'s abuse of Makayla. While the unsworn statements both children made to Johnson, Ellis and, most notably, Bailey were statutorily insufficient absent additional corroborating proof establishing their reliability (see Family Ct Act § 1046 [a] [vi]; Matter of Jakob Z. [Matthew Z.—Mare AA.], 156 AD3d 1170, 1171 [2017]), this relatively low evidentiary threshold was satisfied by Bailey's expert conclusion that Annabella's and Makayla's conduct was consistent with behavior typically exhibited by victims of sexual abuse (see Matter of Hadley C. [David C.], 137 AD3d 1524, 1526 [2016]; Matter of Rawich v Amanda K., 90 AD3d 1085, 1087 [2011]). Based upon this sufficient corroboration, we do not find that any discrepancies in Makayla's and Annabella's out-of-court statements as to time, place and manner negate the sound and substantial basis of Family Court's findings (see generally Matter of Miranda H.H. [Thomas HH.], 80 AD3d 896, 898-899 [2011]). Moreover, it is well-settled that Family Court was permitted to draw a negative inference from the failure of Harold J. and Caleb K. to testify at the fact-finding hearing (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]; Matter of William KK. [Samantha LL.], 146 AD3d 1052, 1054 [2017]).
Family Court's conclusion that the children's best interests would be served by [*2]precluding contact with Harold J. was clearly supported by a sound and substantial basis in the record (Matter of Jamel HH. [Linda HH.], 155 AD3d 1379, 1380-1381 [2017]; Matter of Lillian SS. [Brian SS.], 146 AD3d 1088, 1095 [2017], lv denied 29 NY3d 992 [2017]). Given his sexual abuse of a child under the age of 10, and his testimony at the dispositional hearing where he denied that abuse, the record evinced a substantial risk that future contact with any of the young children would lead to new acts of sexual abuse (compare Matter of Merinda MM. [Sirena NN.], 143 AD3d 1095, 1097 [2016], lv denied 28 NY3d 910 [2016]; Matter of Antoinette LL. [Ralph MM.], 135 AD3d 1015, 1015-1016 [2016]). However, given the familial relationships between Harold J. and the children, issuance of these orders until the children's eighteenth birthday raises additional issues.
Family Ct Act § 1056 (4) provides that "[t]he court may enter an order of protection[,] independently of any other order made under this part, against a person who was a member of the child's household or a person legally responsible . . . and who is no longer a member of such household at the time of the disposition and who is not related by blood or marriage to the child or a member of the child's household. [Such] order of protection . . . may be for any period of time up to the child's eighteenth birthday." Because Harold J. is the biological grandfather of Annabella and Caleb J., the orders of protection as to these children must be modified to reflect an expiration date of September 27, 2017, which was one year from disposition of the matter (see Family Ct Act § 1056 [1]; Matter of Collin H., 28 AD3d 806, 810 [2006]).
The familial relationship between Makayla and Harold J. warrants slightly more analysis as Harold J. is not Makayla's biological grandfather, but rather is related to her through his son's marriage to Makayla's mother. This raises the issue of whether a stepgrandparent is related to a stepgrandchild by marriage for the purposes of Family Ct Act § 1056 (4). We conclude that they are not. This conclusion is supported by the specific language in the statute, "related by . . . marriage" (Family Ct Act § 1056 [4]), rather than the broader and more inclusive concept of "affinity," which is used elsewhere in the Family Ct Act (cf. Family Ct Act § 812 [1] [a]). Further, a stepgrandparent has no enforceable legal right to have contact with a stepgrandchild as a stepgrandparent lacks standing to pursue visitation (see Matter of Kevin B. v Zovania B., 158 AD3d 555, 555 [2018]; Matter of BS v BT, 148 AD3d 1029, 1030 [2017]; cf. Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 18 and n 3 [2016]). Thus, although Family Ct Act § 1056 (4) limits the duration of orders of protection against a stepparent who is related to a child by and through his or her own marriage to the child's mother or father, these limitations do not apply to a stepgrandparent, whose relationship to the child is attenuated. Therefore, because Harold J.'s relationship to Makayla is not established by his own marriage, but rather through his son's marriage, it was statutorily permissible, in this regard, for Family Court to issue an order of protection until Makayla's eighteenth birthday. Our analysis does not end here, however, as Family Ct Act § 1056 (4) prohibits orders of protection until a child's eighteenth birthday if the order is against someone who is related by blood or marriage to a member of the child's household. Therefore, if, at the time of disposition, Makayla resided in the same household as Annabella and Caleb J., the order of protection as to Makayla could not exceed one year (see Family Ct Act § 1056 [4]; In the Matter of Nevaeh T. [Abreanna T.—Wilbert J.], 151 AD3d 1766, 1768 [2017]). Inasmuch as we cannot discern from the record whether this is the case, the matter must be remitted for the purpose of making this determination.
Garry, P.J., McCarthy, Devine and Aarons, JJ., concur.
ORDERED that the order entered August 19, 2016 adjudicating the subject children to [*3]be abused and/or neglected is affirmed, without costs.
ORDERED that the orders of protection are modified, on the law, without costs, by reversing so much thereof as set the expiration dates of said orders as December 23, 2027, September 29, 2030 and August 7, 2022 for Annabella J., Caleb J. and Makayla I., respectively; set the expiration date of the orders as to Annabella J. and Caleb J. as September 27, 2017 and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision with regard to the expiration date of the order as to Makayla I.; and, as so modified, affirmed.