Matter of Caron C.G.G. (Alicia G.) (2018 NY Slip Op 06796)





Matter of Caron C.G.G. (Alicia G.)


2018 NY Slip Op 06796


Decided on October 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 11, 2018

Sweeny, J.P., Tom, Gesmer, Kern, Moulton, JJ.


7287

[*1]7287A In re Caron C.G.G., and Another, Children Under Twenty-one Years of Age, etc., Alicia G., Respondent-Appellant, Jasmine D., Petitioner-Respondent, Administration for Children Services, Respondent-Respondent.


Andrew J. Baer, New York, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for Jasmine D., respondent.
Zachary W. Carter, Corporation Counsel, New York (MacKenzie Fillow of counsel), for Administration for Children Services, respondent.
Larry S. Bachner, New York, attorney for the child Caron C.G.G.
Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), attorney for the child Dashanti R.G.



Orders appointing kinship guardian, Family Court, New York County (Tamara Schwartz, Referee), entered on or about June 14, 2017, which, after a hearing, granted the guardianship petitions filed by the maternal aunt, Jasmine D., concerning subject children Caron C.G.G. (DOB 1/17/08) and Dashanti R.G. (DOB 3/19/02), unanimously affirmed, without costs.
Family Court properly found that petitioner met her burden to demonstrate the requisite extraordinary circumstances to obtain guardianship of the children over the mother's objections (see Family Ct Act § 1055-b; Matter of Daphne OO. v Frederick QQ., 88 AD3d 1167 [3d Dept 2011]). At the time of the hearing, the mother had already been separated from the children for over seven years who, during that time, had consistently lived with and been cared for by their aunt. Although the mother was incarcerated for the first three of those years, she had only intermittent, sporadic contact with the children even after her release, for reasons not adequately explained. In contrast, the aunt, consistently since July 2010, has assumed full responsibility for the children's daily care. These circumstances constitute "extraordinary circumstances" that justify the award of guardianship over the mother's objection (Matter of Bennett v Jeffreys, 40 NY2d 543, 549 [1976]; Matter of Jaylanisa M.A. [Christopher A.], 157 AD3d 497 [1st Dept 2018]; Roberta P. v Vanessa J.P., 140 AD3d 457 [1st Dept 2016], lv denied 28 NY3d 904 [2016]; Matter of Colon v Delgado, 106 AD3d 414 [1st Dept 2013]).
We further find that a fair preponderance of the evidence showed that the award of guardianship was in the children's best interests (see Family Ct Act § 1055-b[a][ii]; Matter of Joseph S. v Michelle R.F., 3 AD3d 446 [1st Dept 2004]; see also Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]; Matter of Bennett, 40 NY2d at 546-547). Moreover, having had the ability to view the witnesses and hear the testimony, the court's findings on this issue should be accorded great deference on appeal (Matter of Celenia M. v Faustino M., 77 AD3d 486 [1st Dept [*2]2010], lv denied 16 NY3d 702 [2011]).
By the time of the hearing, Caron had been living with the aunt for most of his life, and Dashanti had been living with the aunt for nearly half of hers. This stability, and the evidence that the aunt has been meeting the children's needs, weighs in the aunt's favor, and the mother acknowledged that the aunt loves the children and cares about them (see Matter of Joseph S. v Michelle R.F., 3 AD3d 446 [1st Dept 2004]). Dashanti's wish to continue living with her aunt, even if not determinative, was also entitled to some weight, given her age (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]).
The attorneys for the children met the requirements of SSL § 458-b and their general obligations to advocate zealously on their clients' behalf (see 22 NYCRR 7.2). The court was apprised of Dashanti's position throughout the proceedings, and the mother presents no grounds to doubt that Dashanti's position differed from what was consistently conveyed. Caron's position, that he was "okay" continuing to live with his aunt as long as his mother could continue to visit him, was also relayed to the court, and incorporated in the orders under review, which provide for the mother's liberal visitation with the children.
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 11, 2018
CLERK